No. 14,441.

## O'BOYLE ET AL. *v.* THOMAS, TRUSTEE.

WILL.—*Construction.*— *Effect of Subsequent Clauses upon Devise.*—Where an estate in fee simple is devised in one clause of a will in clear aud decisive terms, it can not be taken away or cut down by raising a doubt upon the meaning of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the estate in fee. For a will set out and construed, see opinion.

From the Vermillion Circuit Court.

*J. Jump* and *J. C. Davis,* for appellants.

*B. Harrison, W. H. H. Miller* and *J. B. Elam,* for appellee.

HOWK, C. J.—On the 10th day of March, 1885, one William Collett, being embarrassed financially and unable to pay his debts as they matured, made a voluntary assignment of all his property, real and personal, in trust for the benefit of all his creditors, to the appellee, Leslie D. Thomas, who accepted such trust. William Collett acquired his title to the real property described in such assignment by devise under the last will and testament of his father, Josephus Collett, deceased, and from no other source. In 1872 said Josephus Collett died testate, in Vermillion county, Indiana, and on the 24th day of February, 1872, said last will and testament was duly admitted to probate in the proper court of that county. Under the devise therein to him, said William Collett took possession of the real property devised thereby to him, and claimed to be the owner thereof in fee simple. After his execution of such voluntary assignment, it was questioned whether the said William Collett, by the terms and provisions of such last will and testament, took an absolute and unconditional estate, in fee simple, in the real property so devised to him therein, and assigned by him to appellee, Thomas,

O'Boyle *et al. v.* Thomas, Trustee.

in trust for the benefit of his creditors. To remove all doubts on this question, appellee, Thomas, commenced this suit to obtain a judicial construction of such last will and testament, and to quiet his title, as assignee and trustee in such voluntary assignment, in and to the real property so assigned to him.

Appellants were made defendants in such suit as the only persons in being who could, in any contingency, claim an interest in such real property adversely to appellee's title. Defendants answered by general denials of the complaint. The cause was submitted to the court for final hearing, and a finding was made in plaintiff's favor, and over defendants' motion for a new trial a decree was rendered as prayed for in the complaint.

Error is assigned here by appellants upon the overruling of their motion for a new trial. The case is before us on the evidence, and the only question for our decision may be thus stated : By the terms and provisions of the last will and testament of Josephus Collett, deceased, what estate did his son, William Collett, take in the real property devised to him ? The devise to said William Collett is found in item second of the testator's will, and is expressed in these words, namely :

" I devise to my son, William Collett, who is the son of Fanny Malone, those certain tracts or parcels of land situate in Vermillion county, in the State of Indiana, and described as follows, to wit :" (Description omitted). "The said William Collett to have and to hold all the lands aforesaid in fee simple to himself and his heirs forever."

This is all of item 2d of the testator's will, with the exception of the description of the lands devised. If it were all of such will, there would be no room for even the slightest doubt in relation to the estate which William Collett would take in the real property devised to him by the testator. By plain, apt and unequivocal words, having a clear legal meaning and needing no interpretation, the testator devises to his son, William Collett, in the second item of his

O'Boyle *et al. v.* Thomas, Trustee.

will, an absolute and unconditional estate, in fee simple, in the tracts or parcels of land described therein. But it is claimed that the devise to William Collett, in the second item of the testator's will, is so controlled by the provisions of the third item of such will as to show the testator's intention that William Collett, in a certain contingency, should take no more than an estate for his own life in the lands devised to him. This third item of the will reads as follows, to wit:

"Item 3d. I devise to Eliza Collett, sister of the said William Collett and daughter of the said Fanny Malone, during her natural life, those certain tracts and parcels of land situate in Vermillion county, and State of Indiana, and described as follows, and the rents, issues and profits thereof, to wit:" (Description omitted). "And it is further my will and design that the fee simple of the said lands, last before described and devised to the said Eliza Collett during her natural life, shall vest in the children of her body begotten, who are or may be living at the time of her death; but, in case of her death without a child or children surviving her, then said lands and the fee simple therein shall descend to and vest in her said brother, the said William Collett, if he shall be living, or, if he be dead, then to the heirs of his body begotten. But should the said Eliza die leaving no child or children, and should her said brother William be dead at the time of her death and should there be no child or children of the said William living at the time of her death, then the above lands devised to her, the said Eliza, during her natural life, shall descend to and the fee simple thereof vest in my nephews, John Collett, Stephen S. Collett and Josephus Collett, or the survivors of them living at the time of her death, share and share alike.

"And in the event of the death of the said William Collett, without a child or children or their descendants surviving him, before the death of the said Eliza Collett, then the said lands hereinbefore devised to the said William shall go

O'Boyle *et al. v.* Thomas, Trustee.

to and vest in the said Eliza during her life; but, if she be dead, then it shall descend to and the fee simple thereof vest in the children of her body begotten then living, and the descendants of any deceased child or children, and if she be dead and there should be no child or children, lawful issue of her body, or their descendants, living at William's death to inherit as above provided, then the said lands devised to the said William shall go to and the fee simple thereof vest in my said nephews, John Collett, Stephen S. Collett and Josephus Collett, or the survivors of them living at the time of the said William's death."

It will be observed that, in the first part of this third item of his will, the testator devised the tracts of land therein described to his daughter, Eliza Collett, during her natural life, and then disposed of the fee simple estate in those lands to the persons named as devisees, after the termination of such life-estate. This devise is perfect and complete, as by it the testator disposed of all his estate in the lands so devised, none of which are involved in this litigation. We refer to this devise merely to show that, when the testator intended to devise an estate for life only, with remainder over, he knew and used apt and legal words and phrases to express such intention.

But it is apparent, we think, that in the last sentence or paragraph of the third item of his will, the testator manifested an intention to cut down the absolute and unconditional estate in fee simple which he had devised to his son, William Collett, in the second item of such will, in the lands described therein, to an estate merely for the life of his said son, and to reserve to himself the disposition of the remainder over, in such lands, after the termination of his son's life-estate therein, in certain contingencies. The question for our decision, therefore, is this: Is this manifest intention of the testator expressed in such clear, certain and appropriate words as to render it controlling of the absolute, apt and unequivocal words used by the testator in the devise to his

O'Boyle *et al. v.* Thomas, Trustee.

son, William Collett, in the second item of his will? We are of opinion that this question ought to be, and must be, answered in the negative.

We may premise that nothing is more clearly shown or expressed in the will under consideration than the testator's intention, wish and fixed determination to make a final disposition of all his estate, real and personal, in and by such will, and to avoid thereby any possible intestacy as to any part of such estate.

In the fourth item of his will, in speaking of his only legitimate son and future heir at law, after stating that he had theretofore conveyed to such son certain real estate, "and made advancements to him from time to time in money," the testator declared, of and concerning his said son, as follows : " It is now my will, purpose and design that my son, Edward Collett, shall in future neither inherit nor receive anything more or further from or out of my estate, either personal or real, of which I may die possessed or seized, as I have already given him as much as I intend he shall have from my estate."

In view of the provisions of the fourth item of the testator's will, it is certain, we think, that, if the closing sentence or paragraph of the third item of such will were allowed to qualify and control the positive, clear and appropriate language of the second item of the will, the effect would be not only to cut down the fee simple estate devised to said William Collett to an estate for his life only in the lands described in such second item, but to defeat the testator's "will, purpose and design," as expressed in such fourth item, by the possible intestacy of the testator,.as to such lands, in certain contingencies.

The provisions of the closing sentence or paragraph of the third item of the will are manifestly imperfect and incomplete, and are not in harmony, but in direct conflict with the apparent and expressed intention of the testator, as we gather the same from the entire will.

O'Boyle *et al. v.* Thomas, Trustee.

In *Bailey* v. *Sanger*, 108 Ind. 264, it was held by this court that where, as here, an interest or estate is given, in clear and decisive terms, in one clause of a will, "such interest or estate can not be taken away or cut down by raising a doubt upon the extent and meaning and application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving that interest or estate." The doctrine of the case cited is well supported by authority, and is directly applicable to, and, we think, is decisive of the case in hand, as stated in this opinion. *Thornhill* v. *Hall*, 2 Clark & Fin. 22 ; *Collins* v. *Collins*, 40 Ohio St. 353 ; *Hochstedler* v. *Hochstedler*, 108 Ind. 506 ; *Allen* v. *Craft*, 109 Ind. 476.

In conclusion, we are of opinion the court below correctly held and decided in this case that, under the last will of Josephus Collett, deceased, his son, William Collett, took and held an absolute and unconditional estate, in fee simple, in the lands devised to him in the second item of such will. The motion for a new trial was properly overruled.

The judgment is affirmed, with costs.

Filed Dec. 12, 1888.