Ross *et al. v.* Ross *et al.*

Filed Nov. 11, 1893.

---

No. 16,387.

## Ross et al. *v.* Ross et al.

WILL.—*Construction of.— When Vests Title in Fee to Real Estate.*—A will of the following tenor: "After all expenses paid—of settling my estate, I do hereby give and bequeath to my wife, Martha Ross, all my property, personal and real, after paying my just debts and claims; first, to my son, Joseph W. Ross, five hundred dollars, and, at her, my wife's, death, he to come in equal heir with my second children; and I therefore do appoint * * * my executor," etc., must be construed as vesting in the wife the fee to all the land of which her husband died seized.

| | |
|---|---|
| 135 | 367 |
| 143 | 116 |
| 143 | 274 |
| 143 | 374 |
| 135 | 367 |
| 145 | 136 |
| 145 | 194 |
| 146 | 480 |
| 135 | 367 |
| 155 | 335 |
| 156 | 331 |
| 135 | 367 |
| 158 | 74 |
| 158 | 75 |
| 135 | 367 |
| 164 | 63 |
| 135 | 367 |
| 168 | 172 |
| 135 | 367 |
| f171 | 384 |

SAME.—*Rule of Construction.*—*Devise in Fee for Life.*—Where an estate in fee is devised in one clause of a will, in clear and decisive terms, the devise in fee can not be defeated by raising a doubt in a subsequent clause, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the estate in fee.

From the Fayette Circuit Court.

*J. I. Little* and *D. W. McKee*, for appellants.

*R. Conner, H. L. Frost, G. C. Florea* and *L. L. Broaddus*, for appellees.

COFFEY, J.—Joseph D. Ross died in December, 1865, leaving the following will:

"FALMOTH, FAYETTE COUNTY, IND., Dec. 6, 1865.

"*Know all men by these presents*, That I, Joseph D. Ross, of the county and State aforesaid, do make and publish this, my last will and testament:

"*First.* After all expenses paid of settling my estate, I do hereby give and bequeath to my wife, Martha Ross, all my property, personal and real, after paying my just debts and claims; first, to pay to my son, Joseph W. Ross, five hundred dollars, and, at her, my wife's, death, he to come in equal heir with my second children; and I therefore do appoint W. W. Thresher my executor, in executing this my last will and testament."

The appellant Joseph W. Ross, named in the above will, is a son of the testator by a former marriage, Martha being a second wife, by whom he had three children, namely, the appellee Charles Ross, and the appellants Emma Ross and Mary E. Groves.

Martha Ross, acting under the belief that the will vested in her the fee to the land of which the testator died seized, sold and conveyed the same, the appellees Overheizer, Ellis,. Vannuys and McCready claiming it by mesne conveyances through her.

Upon her death, the appellants, assuming that the will vested in Martha a life estate, only, in the land of which

the testator died the owner, brought this suit for partition, setting out the above will in their complaint.

The appellee Overheizer answered that the testator died the owner of the real estate described in the complaint, consisting of town lots in the town of Falmoth, in Fayette county, and a small tract of land adjoining the town, of little value and nonproductive; that at the time of the death of the testator, Charles W. Ross, a son by a former wife, was twenty years of age, and that his children by Martha Ross were infants, the oldest not more than six years of age; that he also owned personal property, inventoried at two thousand three hundred dollars; that seven hundred dollars of the personalty was used in paying debts and the legacy bequeathed to Joseph W. Ross; that the personalty consisted of household goods, tools, mill wagons, and horses, valued at twelve hundred dollars, and the balance of uncollected accounts, many of which were not collectible; that after paying said debts and legacy, the executors delivered the property to the said Martha, who never realized thereon a sum in excess of five hundred dollars, which she used for the support of herself and infant children; that the character of his personalty, and the nonproductive character of his realty, were known to the testator at the time he executed the above will, and that he knew it would consume the whole of the same to support his widow and infant children; that believing she owned the fee to said realty, the said Martha, for the support of herself and the infant children of the testator, sold and conveyed the same, by means of which the appellees became the owners thereof.

To this answer the appellant filed a demurrer, which was carried back and sustained to the complaint, to which action and ruling of the court the appellant excepted.

The only question presented by the record, and argued by counsel, is the question as to whether this will vested in Martha Ross a life estate only in the land described in the complaint, or whether it vested in her a fee-simple interest.

The purpose of construing a will is to ascertain, if possible, the intention of the testator; but such construction is generally governed by fixed and well known rules, approved by the wisdom of ages. There is no statute in this State changing the rules of the common law as to the language necessary to be used in a will in order to vest a fee in land, but it is well settled that it is not necessary, for that purpose, to use the word "heirs." Any other word, or words, denoting an intention of the testator to pass his whole interest to the devisee, such as a devise of all my estate, all my interest, all my property, my whole remainder, all I am worth or own, all my right, all my title, or all I shall die possessed of, and other expressions of like import, will carry an estate of inheritance, if there is nothing to limit or control the operation of such words or expressions.

*Smith* v. *Meiser*, 51 Ind. 419; Schouler on Wills, section 550; *Pattison* v. *Doe on Demise*, 7 Ind. 282; *Roy* v. *Rowe*, 90 Ind. 54; *Lennen* v. *Craig*, 95 Ind. 167; *Chase* v. *Salisbury*, 73 Ind. 506.

So, too, whenever a will purports to dispose of real and personal property in the same terms and in the same connection, and it is manifest that the testator intended both to go together, the will must be so construed. Schouler on Wills, section 511; *Ireland* v. *Parmenter*, 48 Mich. 631.

And, where the intention is doubtful, charging the real estate devised with the payment of legacies, it will generally be held to convert the estate devised into a fee. 2 Redfield on Wills, *323.

While the bequest of $500 to Joseph W. Ross is not specifically charged against the real estate, it is not provided that it shall be paid out of the proceeds of the personal property. Had the personal property been consumed in the payment of debts and expenses, there is little doubt that this legacy would have been a charge on the land.

We are of the opinion that the words "all my property, personal and real, after paying my just debts and claims," found in this will, taken in the connection in which they are found, are sufficient to vest in Martha Ross the fee to the real estate of which her husband, the testator, died seized. It is settled, however, that words in a will which purport to vest a fee may be so modified and limited by other language in the same instrument as to plainly indicate that it was the intention of the testator to vest a life estate only. But where an estate in fee is devised in one clause of a will, in clear and decisive terms, it can not be taken away or cut down, by raising a doubt upon a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the estate in fee. *Bailey* v. *Sanger,* 108 Ind. 264; *O'Boyle* v. *Thomas, Trustee,* 116 Ind. 243.

In this case the clause above set out clearly indicates, we think, an intention on the part of the testator to vest in his widow a fee to the land described in the complaint in this case. The will was evidently drafted by some one not skilled in such matters, and the real intention of the testator is left in doubt.

We can not say, however, after a careful analysis of this will, that it was the clear intention of the testator by the provision to the effect that his son Joseph W. Ross should come in as an equal heir, with his other

children, at the death of his wife, to reduce her estate to an estate for life only.

The will does not attempt to vest an estate in any of the children of the testator except Joseph, nor does it purport to vest in him any interest in the real estate.

We are of the opinion, therefore, that this will vested in Martha Ross the fee to the land of which her husband died seized, and for this reason the circuit court did not err in sustaining a demurrer to the complaint.

Judgment affirmed.

