Monks, J.
This proceeding was brought by one of the appellees, John S. Zuck, administrator with the will annexed of the estate of Mary Rusk, deceased, to sell certain real estate, described in the petition, to pay *387 debts. After tbe issues were joined, the cause was tried and the court made a special finding of the facts and stated the conclusion of law thereon in favor of said administrator and ordered the real estate sold to pay the debts of said deceased.
A number of the rulings of the court upon demurrer are assigned as errors, but we need not consider them, as the same questions are presented by the conclusions of law, which are also called in question by the errors assigned.
It appears from the special finding that David Rusk died testate in 1875, the owner in fee simple of the real estate in controversy, leaving Mary B. Rusk, his widow, a second wife by whom he had no children, and appellants, his children by a former marriage as his only heirs at law. The part of the will necessary to the determination of the questions involved as set forth in the special finding is as follows:
“2. I will and bequeath to my wife, Mary B. Rusk eighty (80) acres of land, Wayne township, county and State, aforesaid in section fourteen (14), the west half of the northeast quarter; also one brown mare and a one-horse buggy and one brindle cow; also three white hogs for her meat for the ensuing year; also two hundred bushels of corn and fifty bushels of wheat, and what hay there is in the barn; also my household and kitchen furniture; also one thousand dollars in money, this to be hers during her natural life and what is left at her death is to go to my heirs at law.
“3. After my death as soon as convenient, the balance of my real and personal property to be sold and equally divided among my five children.”
That afterwards said Mary B. Rusk died testate, but did not attempt to dispose of said real estate or refer to the same in any way in her will. Appellee, Zuck, was appointed administrator with the will an *388 nexed, and commenced this proceeding to sell said real estate to pay debts.
The question is, did Mary B. Rusk take the real estate described in item two of said will in fee simple, or only during life? If she took a life estate, the court erred in its conclusions of law and the cause must be reversed, but if she took an estate in fee simple, the case must be affirmed.
We think it clear that Mary B. Rusk took a life estate only in the real and personal property mentioned in item two of said will.
The purpose of construing a will is to ascertain the intention of the testator. It is true that when a will purports to dispose of real and personal property in the same terms and in the same connection, and it is manifest that the testator intended both to go together, the will should be so construed. Mulvane v. Rude, 146 Ind. 476, and cases cited.
While the common law rule that a general devise of real estate without defining the interest to be taken by the devisee, gives only a life estate, prevails in this State, yet the rule does not require that the word “heirs” be used to convey a fee. Every devise denoting an intention to devise his entire interest in his real estate will be construed to pass all his estate in such property. Mulvane v. Rude, supra.
Counsel for appellees insist that the words limiting the estate for life only applies to the legacy of one thousand dollars. They say: “If said words have any legal effect at all, they only apply to the one thousand dollars in money. Why say in connection with it ‘this-to be hers during her natural lifetime’ in the same sentence with the one thousand dollars? Why did not the testator add said words immediately after the description of the land?” So far as disclosed by the record, item two is only composed of one sentence. It *389 is not necessary to repeat the words limiting an estate for life after the description of each piece of property disposed of. It is sufficient if the words are used' after all the descriptions, as was done in this case.
The property is all given to Mrs. Rusk in one item and the words “this to be hers during her natural life” are contained in the same item and follow immediately after the description of the property and refer to all the property mentioned in said item. The testator could not have selected words more apt nor of greater power to create a life estate.
The descriptions of the different pieces of property are separated by the word “also,” which signifies “in like manner.”
The meaning is precisely the same as if the testator had said, “I will and bequeath to my wife, Mary B. Rusk, to be hers during her natural life, eighty acres of land (describing it); and in like manner, I will and bequeath to her one brown mare and a one-horse buggy, and one brindle cow; and in like manner, I will find bequeath to her three white hogs for her meat for the ensuing year; and in like manner, I will and bequeath to her two hundred bushels of com and fifty bushels of wheat, and what hay there is in the barn; and in like manner, I will and bequeath to her my household and kitchen furniture; and in like manner, I will and bequeath to her one thousand dollars in money.” .
The live stock, buggy, hay, corn, wheat, and household and kitchen furniture named in said item were liable to be consumed, worn out or destroyed, before the death of the widow, but whatever was left at such time the testator's heirs at law were entitled to.
The fact that personal property bequeathed for life may be consumed, worn out, lost or destroyed, does not give an absolute title to the legatee. Goudie v. *390 Johnston, 109 Ind. 427; Green v. Hewitt, 97 Ill. 113, 37 Am. Rep. 102; Giles v. Little, 104 U. S. 291.
In Wood v. Robertson, 113 Ind. 323, the will contained the following provisions:
“I give and devise to my beloved wife the farm on which I now reside, as well as all my other real estate of which I may die legally possessed; also, all the personal property of whatever description of which I may die the owner, to have and to hold during her natural life.”
There was a devise over of what remained of the real and personal property undisposed of at the death of the wife. The word “also” was used in the same connection as in this case. This court held that the wife took an estate for life in the real estate as well as the personal property, although the words limiting the estate devised to an estate for life, did not follow the devise of the real estate, but the bequest of the personal property. See, also, Green v. Hewitt, supra.
' It is urged that the words “this to be hers during her natural life, and what is left at her death is to go to my heirs at law” are void for the reason that said words are repugnant to the absolute estate granted.
It is settled law that when an absolute title to real or personal property is clearly and distinctly given to a person that the estate so given cannot be cut down or modified by a subsequent clause of the will, unless the intention to do so is manifest from words as clear and certain as those which gave the absolute title. Mulvane v. Rude, supra, and cases cited.
In this case we have shown that an absolute title to the property was not given; on the contrary an estate for life was clearly given. The words defining the estate given are as much a part of the devise of the real estate and the bequest of the personal property as the words “I will and bequeath to my wife.” The *391 entire clause must be considered together to determine the testator’s intention. There is no question of cutting down or modifying an absolute estate given by a subsequent clause for the reason that the words are all in the same clause and the only estate given is a life estate.
The correct test of the effect of language apparently at variance with other parts of a devise is whether the intent of the testator was to give a smaller estate than the words making the gift, standing alone, without considering the limiting clause, import, or to impose restraints upon the estate given. The first is lawful and effective, for the reason that the testator’s intention is the controlling consideration in the construction of the will. If the language, however, is used to impose a restraint on the estate granted, it is rarely, if ever, effective for the reason that even a clear intention cannot be permitted to overthrow the settled rules of law depriving an estate of any of its essential legal incidents. Mulvane v. Rude, supra.
The words “to be hers during her natural life” clearly show that it was the testator’s intention to give a smaller estate than would have passed if said words had been omitted, and not to impose a restraint upon an estate already given.
It is not material whether appellants took the real estate in controversy under the will or under the law. It is true that'in construing a will the presumption is against partial intestacy; but when the testator devises his property for life and fails to dispose of the fee, this presumption will not enlarge the estate for life or convert it into a fee simple, but the fee will go where it is cast by law, to the heirs of the testator. Crew v. Dixon, 129 Ind. 85, 87; Thomas v. Thomas, 108 Ind. 576, 578; Schouler on Wills (2d ed.), section 190.
As the property was only devised to Mary B. Rusk *392 for life and not in fee simple, the case must be reversed..
Judgment reversed, with instructions to the court below to restate its conclusions of law and render judgment in favor of appellants.