## LANGMAN ET AL. v. MARBE.

[No. 18,822.    Filed Oct. 10, 1900.    Rehearing denied March 12, 1901.]

WILLS.—*Construction.*—When an estate in fee simple is clearly given to a person, the estate so given cannot be cut down or modified by subsequent clauses in the will, unless the intention to do so is manifest from words as clear and certain as those which gave the fee simple estate. *p. 331.*

SAME.— *Construction.— Devise in Fee. — Limitation by Subsequent Clause.*—A will by its first clause devised certain real estate in fee to testator's widow. Subsequent clauses of the will provided that when the youngest child became of age, or upon the marriage of the widow before such child became of age, that the property should be equally divided among all testator's children. *Held,* that the subsequent clauses of the will did not reduce the estate of the widow to one for life or years. *pp. 330, 331.*

From the LaPorte Circuit Court.    *Affirmed.*

*A. J. Hickey* and *T. L. Park,* for appellants.

*J. F. Gallaher,* for appellee.

MONKS, J.—This action was brought by appellants against appellee to quiet title to certain real estate. If the last will of Henry Langman gave his widow the land in controversy in fee simple, this case must be affirmed, but if the will gave her only an estate for years, or for life, the case must be reversed. It is not claimed by appellants that the first clause of the will, standing alone, did not give the real estate to the widow in fee simple, but they insist that the third and fourth clauses of the will reduce the widow's estate to an estate for years, and give the remainder to the children. The third and fourth clauses of the will provide that when the youngest child becomes of the age of twenty-

one years "the property shall be divided equally between all
the children", naming them.   Provided, that if the wife
should get married before the youngest child becomes of
age "then the property of the estate shall be divided equally
between the children".

It is settled law that when an estate in fee simple is clearly
given a person, that the estate so given can not be cut down
or modified by subsequent clauses in the will, unless the
intention to do so is manifest from words as clear and
certain as those which gave the fee simple estate.   *Rusk*
v. *Zuck,* 147 Ind. 388; *Mulvane* v. *Rude,* 146 Ind. 476,
481, and cases cited.

It is true, as insisted by appellants, "that in the construc-
tion of wills, the entire instrument must be construed to-
gether, and that the intention of the testator thereby dis-
closed must be given effect, unless inconsistent with some
established rule of law."   As was said, however, in *Rusk* v.
*Zuck,* 147 Ind. 388; on p. 393: "The correct test of the
effect of language apparently at variance with other parts of
a devise is whether the intent of the testator was to give a
smaller estate than the words making the gift, standing
alone, without considering the limiting clause, import, or to
impose restraints upon the estate given.   The first is lawful
and effective, for the reason that the testator's intention is
the controlling consideration in the construction of the will.
If the language, however, is used to impose a restraint on
the estate granted, it is rarely, if ever, effective for the
reason that even a clear intention cannot be permitted to
overthrow the settled rules of law by depriving an estate of
any of its essential legal incidents."

It is evident, under the settled rule in this State, that it
cannot be said that it was the clear intention of the testator,
by clauses three and four, to reduce the estate of the widow
to one for life or years.   *Ross* v. *Ross,* 135 Ind. 367;
*O'Boyle* v. *Thomas,* 116 Ind. 243, 246, and cases cited.
Judgment affirmed.