## FENSTERMAKER *v.* HOLMAN ET AL.

[No. 19,774.   Filed February 5, 1902.]

WILLS.—*Construction.*—The purpose in construing a will is to ascertain the intention of the testator, and when that intention is ascertained, it must be given effect, unless in violation of some rule of law. *p. 74.*

SAME.—*Construction.*—To ascertain the intention of a testator, the whole will must be considered, and no word or clause in the will is to be rejected to which a reasonable effect can be given, and that effect must be given to every part of the will if possible. *p. 74.*

SAME.—*Construction.*—*Devise.*—*Life Estate.*—Only a life estate in land will pass to a devisee, unless it affirmatively appears from the will that a greater estate was intended. *p. 74.*

SAME.—*Construction.*—*Devise.*—*Life Estate.*—A will provided that testator's wife "shall have all my real and personal property," de-

scribing the realty.   By a subsequent clause of the will he devised the same real estate to his daughter.   *Held*, that the wife took only a life estate in the land.   *pp. 74-76.*

From Grant Circuit Court; *H. J. Paulus*, Judge.

Suit for partition by Martha J. Fenstermaker against Cortie Holman and others.   From a decree for defendants, plaintiff appeals.   *Affirmed.*

*G. A. Henry* and *P. H. Elliott*, for appellant,
*F. W. Swezey* and *G. S. Condo*, for appellees.

MONKS, J.—This cause having been transferred from the Appellate Court under the second clause of §10 of the act of 1901 (Acts 1901, p. 565, §1337j Burns 1901, §6565f Horner 1901) is here for final determination.

Samson Reeves died testate in 1879, leaving his widow, Sarah Ann Reeves, and his two daughters, Martha M. Fenstermaker and Cyrena Ann Holman, surviving.   His will was duly admitted to probate.   After the death of the widow and the daughter Cyrena, each of whom died intestate, appellant brought this action against appellees, the children and heirs of said Cyrena, for partition of the real estate devised to the widow, upon the theory that she took the same in fee simple under the will.   The part of said will necessary to the determination of this cause is as follows: "First. I direct that my body be decently interred, and that my funeral be conducted in a manner corresponding to my estate and condition in life, and, as to such worldly estate as it has pleased God to intrust me with, I dispose of the same in the following manner, to wit:   I direct, first, that all of my just debts and funeral expenses be paid as soon after my decease as possible out of the first money that shall come into the hands of my executors from any portion of my estate, real or personal.   I further direct that my executors appropriate $15 to the erection of a marble tombstone to the grave of my daughter, Harriet E. Sloderbeck, deceased. I further direct and will that my beloved wife, Sarah Ann Reeves, shall have all my real and personal property that I

may be possessed of at the time of my death (she selling so much of my personal property as she may think necessary to be applied on the payments of my debts) ; the real estate, being described as follows, to wit:   The south half of the southeast quarter of section eleven, township twenty-four north, range seven east, containing seventy-eight and sixty-two hundredths acres; and the east part of the northwest quarter of the northeast quarter of section fourteen, township twenty-four north, range seven east, containing twenty-eight acres,—all of which is situated in Grant county, and State of Indiana.   At the death of my said wife, Sarah Ann Reeves, I will and devise to my beloved daughter Martha M. Fenstermaker and to her heirs the following described real estate, to wit:   The east part of the northwest quarter of section fourteen, township twenty-four north, range seven east, containing twenty-eight acres, situate in Grant county, State of Indiana; and that I further direct that the said Martha M. Fenstermaker be paid the sum of $200 out of that part of my estate which I herein will and devise to my beloved daughter Cyrena Ann Holman.   This said sum bequeathed to her in order to make them share my estate share and share alike.   I further will and devise to my beloved daughter Cyrena Ann Holman the following described real estate, to wit:   The south half of the southeast quarter of section eleven, township twenty-four north, range seven east, containing seventy-eight and sixty-two hundredths acres, situated in Grant county, State of Indiana; and I further direct that my grandchildren or great grandchildren shall be the only heirs to my daughter's estate hereby devised.   And I hereby make and ordain my beloved wife, Sarah Ann Reeves, and Lindley M. Overman, executors of this, my last will and testament."

The question presented in this case is whether Sarah Ann Reeves, the widow of the testator, took by the terms of the will, a fee or life estate in the real estate devised to her. The court below held she took a life estate only, and, if this

view is correct, the case must be affirmed; if she took a fee, it must be reversed.

The purpose in construing a will is to ascertain the intention of the testator, and, when that intention is ascertained, it must be given effect, unless in violation of some rule of law. *Langman* v. *Marbe,* 156 Ind. 330, 331; *Mulvane* v. *Rude,* 146 Ind. 476, 480; *Wood* v. *Roberlson,* 113 Ind. 323, 326; 4 Kent's Com. (14th ed.) 534, 535.

To ascertain such intention, the whole will must be considered, and no word or clause in the will is to be rejected to which a reasonable effect can be given, and that effect must be given to every part of the will if possible. *Moore* v. *Gary,* 149 Ind. 51, 57; *Nading* v. *Elliott,* 137 Ind. 261, 276; Beach on Wills, p. 517, §313; 4 Kent's Com. (14th ed.) 534, 535.

In this State, only a life estate in land will pass to a devisee, unless it affirmatively appears from the will that a greater estate was intended. *Cleveland* v. *Spilman,* 25 Ind. 95, 98, 99; *Rusk* v. *Zuck,* 147 Ind. 388, 390; *Mulvane* v. *Rude,* 146 Ind. 476, 480; *Roy* v. *Rowe,* 90 Ind. 54, 58; *Ross* v. *Ross,* 135 Ind. 367, 370; §2737 Burns 1901, §2567 R. S. 1881 and Horner 1901.

While a general devise of real estate, without defining the interest to be taken by the devisee, gives only a life estate, yet the word "heirs", or other word of legal inheritance, is not necessary in a will to convey an estate in fee simple; if the whole will denotes an intention to devise more than a life estate in real estate, it must be so construed. It is said concerning this rule in 4 Kent's Com. (14th ed.) 535 *et seq.,* that: "It does not require the word 'heirs' to convey a fee; but other words denoting an intention to pass the whole interest of the testator, as a devise of all my estate, all my interest, all my property, my whole remainder, all I am worth or own, all my right, all my title, or all I shall die possessed of, and many other expressions of the like import will carry an estate of inheritance, *if there be nothing in the other*

*parts of the will to limit or control the operation of the words."*

It will be observed that the interest to be taken by the widow, Sarah Ann Reeves, in said real estate, is not defined in the will. It may be that the devise to the widow, standing alone, without considering the subsequent provisions of the will, would be construed to give her a fee in said real estate; but wills are not to be so construed. Such construction would be the result of presumption or inference as to the intention of the testator, because he has not said in express terms that he devised said real estate to his widow "in fee simple", either in apt words or by the use of legal words of inheritance. The whole will must be considered to ascertain the intention of the testator. In clear and distinct terms the testator provided that at the death of his wife the real estate devised to her shall go to his daughters, describing the part given to each daughter. Said testator also directed "that said Martha M. Fenstermaker be paid the sum of $200 out of that part of my estate which I herein will and devise to my beloved daughter Cyrena Ann Holman. This said sum bequeathed to her in order to make them share my estate share and share alike." Considering the whole will, it is evident that the testator did not intend to give his widow more than a life estate in said land.

In reaching this conclusion we are not unmindful of the rule that, where an estate in fee simple is devised in one clause in a will in clear and decisive terms, it can not be cut down or modified by a subsequent clause which raises a mere doubt, nor by inference therefrom, nor by any subsequent words which are not as clear and decisive as those giving the estate. Underhill on Law of Wills, §§358, 682. When, however, the subsequent provisions clearly and distinctly show an unmistakable intention on the part of the testator to give an estate less than a fee simple, such intention must control. *O'Boyle* v. *Thomas,* 116 Ind. 243; *Ross* v. *Ross,* 135 Ind. 367, 370, 371; *Mulvane* v. *Rude,* 146

Ind. 476, 481, and cases cited; *Rogers* v. *Winklespleck*, 143 Ind. 373, 376; Underhill on Wills, §§358, 689.

In this case said real estate was not devised to the widow in fee simple in clear and decisive terms, and the provisions of said will, subsequent to said devise, clearly and distinctly show, when read in connection with the other parts of said will, not an intention to interpose a restraint or limitation upon the estate granted, but an unmistakable intention on the part of the testator to give his widow a life estate only, in said real estate. It is not necessary, therefore, to decide what the effect of said subsequent provisions would have been if the testator had, in express words, devised said real estate to his widow in fee simple, or had used legal words of inheritance in making said devise to her.

The judgment of the trial court is affirmed.