STIMSON, ADMINISTRATOR, *v.* ROUNTREE, EXECUTOR, ET AL.

[No. 20,791. Filed June 29, 1906. Rehearing denied February 21, 1907.]

1. WILLS. — *Construction.—Intention.—Rules of Law.—Conflict.* —The primary purpose in construing a will is to ascertain the intention of the testator; and such intention, unless in conflict with the established rules of law, will be given effect. p. 171.

2. SAME.—*Bequests.—Cutting down by Subsequent Provisions.*— Where a bequest is made without condition, subsequent words, which are not as clear and decisive the other way, will not cut down the estate first given. p. 172.

3. SAME.—*Bequests.—Cutting Down.*—A will bequeathing $3,000 to testator's invalid niece, the executor named to invest same indefinitely and give her such sums from time to time as she may need, said sum of $3,000 to be "the absolute property of" said niece, gives such niece a transmissible interest therein, though a subsequent clause provides for a remainder over on the happening of certain contingencies. p. 172.

4. SAME. — *Bequests. — Cutting Down.* — Where a testator bequeaths a transmissible interest to a legatee, a subsequent clause providing for a remainder over of what remains thereof at the death of the legatee, is void for repugnancy. p. 173.

From Montgomery Circuit Court; *Jere West,* Judge.

Suit by Robert B. Stimson, as administrator of the estate of Lucy Stimson, deceased, against Charles Rountree, as executor of the will of Florence B. Rountree, deceased,

and another. From a decree for defendants, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*Crane & McCabe* and *Stimson & Condit,* for appellant.
*W. T. Whittington* and *R. H. Williams,* for appellees.

MONTGOMERY, J.—This suit was brought by appellant as administrator of the estate of Lucy Stimson, deceased, to obtain a construction of the will of Florence B. Rountree, for an accounting by her executor, and to require payment of a legacy. Charles Rountree, in his proper person, and as executor, filed separate demurrers to the complaint, which were sustained, and, appellant electing to stand upon such complaint, judgment was rendered against him for costs.

It is alleged that the court erred in sustaining these demurrers to the complaint.

Florence B. Rountree died February 12, 1902, and at the time of her death owned land of the value of $12,000, and personal property of the value of $100. Item one of her will bequeathed $500 out of her estate to Mary Stimson. Item two reads as follows:

"I give and devise to my niece, Lucy Stimson, the sum of $3,000 out of my estate; said sum to be held by my executor, hereinafter named, in trust for said Lucy Stimson, who is an invalid, and likely to remain so during her life, and in consequence thereof likely to need portions of the principal of said sum from time to time, it being my desire that in case she needs any portion of said principal sum from time to time, it be furnished to her as the need therefor may arise. Said sum, or the portion thereof remaining, to be loaned by my said executor, with safe and sufficient security, and the income therefrom, as well as portions of the principal thereof, to be paid to my said niece as her comfort and welfare may require from time to time. It being my will, however, that said sum of $3,000 shall be the absolute property of my said niece, Lucy Stimson, the same being thus placed in trust for her

in order that it may thereby be the more certainly applied to her needs from time to time as above provided. In case, however, she does not survive my husband, Charles Rountree, and my niece, Mary Stimson, her sister, named in item one of this will, then upon her (said Lucy's) death said sum, or the portion thereof remaining, shall be divided equally between my said husband, Charles Rountree, and my said niece, Mary Stimson; and if at the time of the death of said Lucy my said husband, Charles Rountree, shall not then be living, in that case, the half of said sum he would have taken had he then been living shall go to my sister, Edna B. Stimson, and if neither my said. sister nor my said husband be living at the time of the death of said Lucy Stimson, then in that case said Mary Stimson shall take the whole of what is remaining of said sum mentioned in this item."

Item three gives the residue of the property "not disposed of in items one and two" to Charles Rountree. Item four names Charles Rountree as executor. All the parties named in the will were living at the time of the death of the testatrix, but Lucy Stimson died April 5, 1903.

The precise question for decision is whether Lucy Stimson took such an estate under the will as upon her death passed to her personal representative.

The primary object in construing a will is to ascertain and give effect to the intention of the testator. This intention is determined by the application of legal rules

1. and principles, and must be expressed in conformity to such rules, and to the laws by which rights of property are established and made secure. The intention of the testator when ascertained will be given the fullest effect. possible, but if such intention, real or apparent, is found to be in conflict with any well-established rule of law, it cannot prevail. *Teal* v. *Richardson* (1903), 160 Ind. 119; *Mulvane* v. *Rude* (1896), 146 Ind. 476; *Fowler* v. *Duhme* (1896), 143 Ind. 248; *Corey* v. *Springer*

(1894), 138 Ind. 506; *Ross v. Ross* (1893), 135 Ind. 367; *O'Boyle* v. *Thomas* (1888), 116 Ind. 243; *Allen* v. *Craft* (1887), 109 Ind. 476, 58 Am. Rep. 425; *Bailey* v. *Sanger* (1886), 108 Ind. 264; *Ridgeway* v. *Lanphear* (1884), 99 Ind. 251.

Appellees' insistence is that the will, properly construed, gives an equitable estate for life to Lucy Stimson, with such legal title in the executor as will enable him to carry out the trust, with remainder over to Charles Rountree and Mary Stimson.

Appellant's contention is that the will bestowed upon Lucy Stimson $3,000 absolutely, which upon her death passed to her personal representative.

The disposing words of the will are: "I give and devise to my niece" the sum of $3,000 out of my estate. The duration of the estate thus given is not expressly limited. It has been frequently declared to be the law that, when an interest or estate is given in one clause of a will in clear terms, such interest or estate cannot be taken away or cut down by subsequent words that are not equally clear and decisive. *Langman* v. *Marbe* (1901), 156 Ind. 330; *Lumpkin* v. *Rodgers* (1900), 155 Ind. 285; *Rusk* v. *Zuck* (1897), 147 Ind. 388; *Mulvane* v. *Rude, supra; Rogers* v. *Winklespleck* (1896), 143 Ind. 373, 374; *Fowler* v. *Duhme, supra; Mitchell* v. *Mitchell* (1895), 143 Ind. 113, 116; *Ross* v. *Ross, supra; O'Boyle* v. *Thomas, supra; Allen* v. *Craft, supra; Hochstedler* v. *Hochstedler* (1887), 108 Ind. 506; *Bailey* v. *Sanger, supra.*

There is no controversy, nor can there be, that these words unqualified would carry an absolute estate; but they are immediately followed by the provision that this legacy shall be held by the executor in trust for Lucy Stimson, who is an invalid, to be loaned, and the principal and proceeds turned over as needed for her comfort and welfare. It is to be noted that the money was merely left in the possession of the executor of the will for

an indefinite time, with authority to loan it, and it was doubtless intended that in case Lucy Stimson regained her health and desired to do so she might take charge of the legacy. The holding by the executor was not intended as a restraint or diminution of her rights, or in any sense a hindrance to her full enjoyment of the property; but because of her infirmity, and consequent inability to manage her estate profitably, the executor was directed to do so "in order that it may thereby be the more certainly applied to her needs." That the real intent of the testatrix might not be obscured by the multiplicity of provisions, she declares, in the most apt and unmistakable terms, her will to be, "that said sum of $3,000 shall be the absolute property of my said niece, Lucy Stimson." This court has declared that "it is the right of a testator to assign his own meaning to the words he employs, and where this meaning clearly appears it will overcome the technical meaning usually affixed to the words." *Ridgeway* v. *Lanphear, supra.* See, also, *Brumfield* v. *Drook* (1885), 101 Ind. 190.

It is the expressed intention of the testatrix that this bequest is to be the "absolute property" of the beneficiary, and if we give effect to this expression in connection with the preceding provisions of the will we are led to the conclusion that the $3,000 legacy was given to Lucy Stimson absolutely. We accordingly so hold. *Lumpkin* v. *Rodgers, supra; Cameron* v. *Parish* (1900), 155 Ind. 329.

The rule has been frequently declared that when property is given absolutely, with a gift over of what may remain undisposed of by the first taker at his death, the limitation over is void for repugnancy. *Rusk* v. *Zuck, supra; Mulvane* v. *Rude, supra; Wiley* v. *Gregory* (1893), 135 Ind. 647; *Rogers* v. *Winklespleck, supra; Outland* v. *Bowen* (1888), 115 Ind. 150; *Tower* v. *Hartford* (1888), 115 Ind. 186; *Allen* v. *Craft, supra; Van Gorder* v. *Smith* (1884), 99 Ind. 404.

It follows that the attempted disposition of so much of the $3,000 as might be left at the death of Lucy Stimson was void for repugnancy; and such property upon her death passed to appellant as her personal representative.

The judgment is reversed, with directions to overrule appellees' demurrers to the complaint, and for further proceedings not inconsistent with this opinion.

## ON PETITION FOR REHEARING.

PER CURIAM.—Appellees' counsel have supported their petition for a rehearing with an able, earnest and forceful argument, and we have again considered the questions involved. It was the declared intention of the testatrix to vest in Lucy Stimson an absolute title to the $3,000. This purpose is expressed in clear and apt words of well-known and fixed signification. Having intentionally clothed the object of her bounty with a complete and absolute title, the testatrix could not preserve that dominant purpose and at the same time subjoin incompatible provisions. We are accordingly still of opinion that this will falls within the classification to which it was assigned in the original opinion, and that the provisions of the will attempting to dispose of so much of the bequest as may remain upon the death of the legatee must be held void for repugnancy.

The petition is overruled.