Lydia E. Defrees et al., Appellees, v. Robert T. Brydon, Administrator, Appellant.

Gen. No. 20,938.

1. WILLS, § 229*—*when revoked provisions of will considered for purpose of ascertaining intention of testator.* Provisions of will although revoked by item in codicil will be regarded for the purpose of determining the intention of the testator.

2. WILLS, § 398*—*what constitutes an executory devise or bequest.* An executory devise or bequest of lands or personal property is such a disposition of them by will that thereby no estate vests at the death of the devisor, but only on some future contingency.

3. WILLS, § 398*—*when will does not provide for executory devise or bequest.* No executory devise or bequest is intended by the testator where provisions for his children made by the testator in the will are limited to take effect before his death and are evidently intended as provisions against the intestacy, with reference to property devised in such will, of his children who might die before he did.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. WILLS, § 230*—*when words in different parts of will harmoniously construed.* Courts will not construe the same words used in different parts of the will as having different meanings, if it is possible to do so, but the intention to use the same words in different senses must be clear and beyond question.

5. WILLS, § 229*—*when words in codicil construed in harmony with words in will.* Where it appears to be the intention of a testator, as between heirs by blood and the estate of a deceased heir without issue, to create executory devises and bequests by provisions in the codicil of his will, which provisions are disputed, and the provisions in such codicil are similar to provisions in the will which show intention to vest such heirs with the fee, and such provisions in the codicil were evidently intended to provide against intestacy during the existence of the trust created by his will and not as a limitation on the fee, the court will construe such provisions to intend his heirs to have an absolute fee in the property devised, on the principle that the same words in different parts of the same will, if possible, ought to be construed to have the same meaning.

6. WILLS, § 339*—*when .construed to give fee simple to heir.* Instructions in will permitting trustees of the property devised to terminate trust as to any of testator's children and to pay over such child's share to it, give such child the power to alienate its property after the termination of the trust, and evidence an intention to give an absolute fee to such children.

7. WILLS, § 226*—*when intention of testator will be given effect.* Courts will give effect to the intention of the testator unless it violates some established rule of law.

8. WILLS, § 234*—*when should be construed to avoid intestacy.* A will should be construed so as to avoid intestacy, if possible, as to any of testator's property.

9. WILLS, § 229*—*when codicil and will should be harmoniously construed.* The provisions of a codicil and the will should be construed so as to harmonize them with each other as far as possible.

10. WILLS, § 283*—*when not construed as excluding son-in-law from inheritance.* A clause in a will providing that no daughter of testator with her husband shall so occupy or control the use of the homestead as to exclude therefrom or prejudice any unmarried child of such testator, does not show intention to exclude his son-in-law from inheritance of the property.

11. WILLS, § 283*—*when provision excluding son-in-law from inheritance of property except with consent of trustees limited to period of trust.* A clause in a will providing that no part of fund in trust for testator's daughters "shall pass to or be paid to her husband, or in any way be controlled by such husband, except by

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

consent of said trustees," and provision in codicil that interest held
in trust for each of his daughters is given and intended "to be her
sole and separate estate, and shall not pass to * * * her hus-
band, except by the consent of her trustees," held in connection
with other provisions of the will, to limit the prohibition only to
the time of continuance of the trust as against the surviving hus-
band of one of such daughters.

12.  WILLS, § 283*—*when provision of will not construed as ex-
cluding husband of heir from participating in heir's legacy only
during period of trust.*  Where a provision in the first codicil of a
will provided that any of testator's children might, by will, give
or bequeath his or her share of testator's estate to any other child
or lineal descendant of testator's, or of testator's deceased wife,
giving it only to persons of testator's or testators' wife's blood and
the last clause in second codicil provided that in case any of the
*cestuis que trust* should die during the existence of the trust in
said will and the codicil specified and should not have disposed of
his or her trust estate by will, and said trust interest should pass
to his or her heirs by inheritance as provided, but it should re-
main in the hands of said trustees, but thereafter for the benefit
of the inheritor, *held,* that the limitations to convey by will only
to persons of the blood ceased with the termination of the trust, and
were evidently provisions against intestacy during the existence of
the trust and were not intended to exclude husband of one of tes-
tator's daughters from her legacy.

13.  WILLS, § 331*—*what constitutes violation of rule against per-
petuities.*  A provision in codicil that if any of testator's children
"shall die leaving issue, and such issue shall die childless, then in
that case all property derived from me shall go to my other children
and their heirs, such heirs to have only their ancestor's part in any
case," if construed to intend the creation of executory devises or
bequests so that property should revert to surviving children of the
testator, such construction would be contrary to the rule against
perpetuities.

14.  WILLS, § 235*—*when construction adopted which will give
effect to meaning of words.*  If one construction of a will renders a
portion of the language used meaning less and another gives effect
to all the words used, the latter must be adopted.

15.  WILLS, § 224*—*when construction of will and codicil as to
disposition of personalty governed by laws of foreign State.*  Where
a testator was domiciled and died in a foreign State, and the will
and codicils were drawn in such State, the construction and effect
thereof, as affecting personal property, must be governed by the
law of that State.

16.  WILLS, § 339*—*when will construed as creating an estate in
fee.*  Where an item of a codicil to a will made in the State of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Indiana and relating to personal property authorizes trustees to use as much of the trust property as might become necessary, for the benefit of testator's children, the rule in Indiana, the law of which governs construction of the will and its codicils, is that an absolute power of sale in the first taker renders a subsequent limitation over repugnant and void, and such will and codicils will not be construed to give the first takers an estate for life only so as to bring it within the exception to the foregoing rule whereby, if a testator gives an estate for life only, by certain and express terms, and annexes to it the power of disposition, the devisee in that special case would not take an estate in fee.

17.  WILLS, § 336*—*when estate in fee created by disposing words.* Testator having used the disposing words, "to her or him, or her or his heirs forever," clearly to confer complete and absolute title, such interest or estate cannot be held to be subject to limitations over, where the provisions alleged to create such limitations are not so clear and decisive as the words expressing the dominant purpose to give absolute title.

18.  PARTITION, § 2*—*when representative of heir participating in partition settlement bound by such settlement.* The estate of a deceased legatee should not be held, in an action to construe a will, to revert to the surviving children of testator or their personal representatives, where all of testator's children, except one whose property was retained by trustees under the will and the trustees of testator's estate, filed a petition in the courts of the State in which the personalty was located in which they represented that they had agreed upon a division of such property, and that such division as therein set forth should be taken and held as a full settlement, partition and adjustment of all the property mentioned, and where each child, by order of such court, received an equal amount of cash and securities as a full settlement and adjustment of such child's right and interest in the trust estate, and no fraud is claimed, and the surviving children of the testator were parties to said proceeding by apt designation for all the purposes essential to determine their respective rights and interests, and only one of the parties to the settlement is now living, and more than forty years have elapsed since it was made, and it is denied by defendant that the property coming to him as personal representative of such deceased legatee is the property derived by her from such settlement.

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1914.  Reversed and remanded with directions.  Opinion filed March 9, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

**Statement by the Court.** This is a proceeding brought by Lydia E. Defrees, one of the appellees, to construe the will of John H. Bradley, deceased, and for an accounting from the estate of Catherine S. Brydon, deceased, of property which she received from the estate of the testator, her father.

On or about February 18, 1869, John H. Bradley, while domiciled in the City of Indianapolis, Indiana, made and executed (a) a will, (b) on April 22, 1870, a codicil thereto, and (c) on June 7, 1871, a second codicil thereto. On August 12, 1872, he died, and the said will and codicils were probated, and his estate administered in the Court of Common Pleas of Marion county, Indiana.

John H. Bradley left him surviving, the five children mentioned in his said will and codicils, viz., Lydia E. Defrees (the complainant), Frances B. Hill (John F. Devine, as administrator of her estate, cross-complainant), Mary Bradley Kitchen (John B. Kitchen as administrator of her estate, cross-complainant), Emmor Bradley (who died before Catherine S. Brydon, without issue), and Catherine S. Brydon (Robert T. Brydon, her husband, as administrator of her estate, defendant).

On October 23, 1872, the five children of the testator filed a certain petition in the Court of Common Pleas of Marion county, Indiana, in which the said children, as the heirs and devisees of the testator, and the said trustees represented that they had agreed upon a division of said property, real and personal, and that such division, as therein set forth, be taken and held as a full settlement, partition and adjustment of all the property, real and personal, mentioned or intended to be mentioned, therein. Under this petition, by order of the court, each child received and receipted for $18,150, in cash and securities, except Emmor, whose property was retained by the trustees.

On May 15, 1910, Catherine S. Brydon departed this life intestate, without issue, and Robert T. Brydon, her husband was appointed administrator of her estate, consisting wholly of personalty, which amounted in value to $21,146.51.

The court below held that the testator intended to and did create executory devises or bequests by the provisions in item sixth of the will and item tenth of the first codicil thereto, and that upon the death of Catherine S. Brydon, intestate and without leaving issue, all of the said property bequeathed to and recovered by her should revert to the surviving children of the testator, and, therefore, that the complainant and cross-complainants (appellees) are entitled to an accounting against the estate of Catherine S. Brydon, deceased, to the extent of $18,150, and that said amount be adjudged and allowed to them against the estate of Catherine S. Brydon, deceased, and against Robert T. Brydon, as administrator thereof, to be paid by the said estate and such administrator thereof, in due course of administration, and that the interest of each appellee is one-third of the total amount of said claim.

JOHN E. FOSTER, for appellant.

FYFFE, RYNER & DALE and WILLIAM FRANCE ANDERSON, for appellees; COLIN C. H. FYFFE, of counsel.

MR. JUSTICE McGOORTY delivered the opinion of the court.

The questions before this court for decision are:

1. Did the testator intend to create, and did he create executory devises or bequests by the disputed provisions in item tenth of the first codicil to the will of the testator?

2. Did the property of Catherine S. Brydon pass, upon her death, to her personal representative?

3. Did the settlement entered into by the children

of the testator terminate the right of each of them in any property received by the other under such settlement?

By item tenth of the first codicil to the will, the devise was directed to the trustees in fee with full power and authority to manage the trust estate and invest the funds thereof for the sole use, ownership and benefit of the testator's children. The fee of such trust estate could not vest in the children until the termination of the trust. The disposing words are, "*  *  * when the fund shall be divided by said trustees *  *  * (each child) to have the one-fifth part of the principal thereof, *to her or him* or her or his heirs forever." The provisions of item tenth of the first codicil (the construction of which are in dispute) are as follows:

*"If any of said children shall die before I do, or afterwards, without leaving issue, such deceased child's share shall go, and is hereby bequeathed to my surviving children and their heirs equally. In all cases the child or children, of any of my children who may die, shall take his or her deceased parent's share only. If any of my above named children shall die leaving issue, and such issue shall die childless, then in that case all property derived from me shall go to my other children and their heirs, such heirs to have only their ancestor's part in any case."*

It is contended by appellant that the foregoing limitations upon the rights of the children, continued only during the existence of the trust, are provisions against intestacy, and did not create executory bequests. Upon the other hand, appellees contend that the words *"before I die, or afterwards"* clearly manifests the intention of the testator to create executory bequests.

It is a recognized rule of construction that the revoked provisions of a will may be regarded for the purpose of determining the intention of the testator. Item sixth of the will, revoked by item tenth of the first codicil, contains the following:

"If any one of my said children shall die without leaving a child or children, before I do, then such child's share shall be equally divided among my surviving children, and the children of any one dead, leaving issue. In all cases, if any of my said five children shall die, leaving a child or children, such child or children, shall take their, or his or her deceased parents' part only.

"If any of my said children shall die leaving issue, and such issue shall die childless, then in that case all estate and property derived from me shall go to and belong to my other children, or to their heirs."

"An executory devise of lands (and this applies also to an executory bequest of personal property) is such a disposition of them by will, that thereby no estate vests at the death of the devisor, but only on some future contingency." (Wendell's Bl. Com., vol. 2, 172.) No executory devise or bequest was intended by the testator to be created by item sixth, because said provisions were limited to take effect before his death and were evidently intended as provisions against the intestacy of any of his property devised to his children who might die before he did. Courts will not construe the same words used in different parts of the will as having different meanings, if it is possible to avoid doing so. The intention to use the same words in different senses must be clear and beyond question. *Madison v. Larmon,* 170 Ill. 65, 73; *State Bank v. Ewing,* 17 Ind. 68.

The disputed provisions in item tenth of the first codicil are similar to the above quoted provisions in item sixth of the will, except as to the words "or afterwards" in the clause "if any of said children shall die before I do, or afterwards," and were evidently intended by the testator to provide against intestacy, during the existence of the trust, and not as a limitation on the fee which would vest in the child as soon as the trust should terminate as to his or her share,

Defrees v. Brydon, 198 Ill. App. 265.

unless a contrary intention is shown by other provisions in the will and codicils.

The testator's intention to give to his children an absolute fee in the property devised, is further evidenced by the following directions to the trustees in item tenth of the first codicil:

"And I do hereby will, order and direct, that said trust in each case, and as to any one of said children, may be terminated, and the share of such child and its increase paid over to such child, whenever it will be for the advantage of such child; of which fact the said trustees shall be the sole judges—and have the power of a parent to decide, and which they may decide, to do so; but I desire that they do not do so, except in a very strong, clear case of its propriety, and not in any case to enable such child to invest his or her money in speculation."

The foregoing manifestly gives the children the power, necessarily implied, to alienate the property after the termination of the trust, unless, by some other provision, a contrary intention of the testator is shown. The courts will give effect to the intention of the testator, unless it violates some established rule of law, and a will should be construed so as to avoid intestacy, if possible, as to any of his property. The will and codicils must be read together as one instrument, and so far as practicable must be reconciled or harmonized together as one consistent whole. 40 Cyc. 1421.

It is urged by appellees that it was the intention of the testator to give his property wholly to persons of his or of his wife's blood, and not to his sons-in-law, or other aliens of the blood. Item fifth of the will provides that no daughter with her husband shall so occupy or control the use of the homestead as to exclude therefrom or prejudice any unmarried child. This provision only prohibits the exclusive use and enjoyment of the homestead by the husband of any daughter of

the testator. Appellees refer to item seventh of the will wherein it is provided that, "If my daughters or either of them marry, none of said *trust fund* shall pass to or be paid to her husband, or in any way be controlled by such husband, *except by consent of said trustees,*" and a somewhat similar provision in item tenth of the first codicil, "The estate or interest, hereby given to each of my daughters, and held by said trustees in trust for them, is given and intended to be her sole, and separate estate, and shall not pass to or be paid to, or be in any way controlled by, her husband, except by the consent of the said trustees, and such daughter, his wife; and this to apply to principal and increase both." Wherever in the will and codicils a similar provision occurs, the testator has expressly limited such provision to the time of the continuance of the trust. Immediately following the disputed provisions in item tenth is the following:

"Any of my said five children and every one of them, may as he or she pleases, *by will,* give and bequeath his or her share of my estate to any other child or lineal descendant of mine, or of my deceased wife, *giving it only to persons of my or her blood.*"

The last item of the second codicil provides:

"Item:—In case any of the *cestui qui trusts* shall die, *during the existence of the trust,* in my said will and the codicil specified, *and shall not have disposed of his or her trust estate by will, and said trust interest shall pass to his or her heirs by inheritance as provided;* but it and all its increase shall still remain in said trust, in the hands of said trustees, but thereafter for the benefit of the inheritor."

The foregoing are the only provisions where a power of disposition, of any of the property of the testator, by will, has been given. The limitations upon the children to convey by will only to persons of the blood ceased with the termination of the trust, and are evidently provisions against intestacy during the existence of the trust.

Under the construction given by appellees to the will and codicils, the third disputed provision in the tenth item of the first codicil is contrary to the rule against perpetuities, said provision being as follows:

"If any of my above named children shall die leaving issue, and such issue shall die childless, then in that case all property derived from me shall go to my other children and their heirs, such heirs to have only their ancestor's part in any case."

The rule against perpetuities is that "No future interest in property shall be created which must not necessarily vest within twenty-one years, exclusive of periods of gestation, after lives in being." 30 Cyc. 1467.

It is a familiar rule of construction that in ascertaining the intention of a testator, effect must be given to all the language used, if it can be done. If one construction will render a portion of the language used meaningless and another will give effect to all the words used, the latter construction must be adopted. *Fisher v. Fairbank,* 188 Ill. 187, 191; *Brumfield v. Drook,* 101 Ind. 190, 196. If said third disputed provision be construed as providing against intestacy, and therefore limited in operation to the existence of the trust, it does not violate any rule of construction.

If, however, the disputed provisions in item tenth of the first codicil are to be regarded as indicating an intention on the part of the testator to create executory devises or executory bequests, are such limitations over valid?

The testator having been domiciled in Indiana where the will and codicils were drawn and executed, and having died there, their construction and effect as to the property involved (personalty) must be governed by the law of that State. Under item ten of the first codicil the first takers, the trustees, were authorized to use so much or all of the trust property as might become necessary for the benefit of the children of the testator. In Indiana, the rule in such cases is that an

absolute power of sale in the first taker renders a subsequent limitation over repugnant and void. *O'Boyle v. Thomas,* 116 Ind. 243; *Essick v. Caple,* 131 Ind. 207; *Stimson v. Rountree,* 168 Ind. 169.

The only exception, in Indiana, to this rule is where the testator gives to the first taker an estate for life only, by certain and express terms, and annexes to it the power of disposition. In that particular and special case, the devisee for life will not take an estate in fee, notwithstanding the naked gift of a power of disposition. *Mulvane v. Rude,* 146 Ind. 476, 483. The will and codicils in the instant case manifestly do not, by certain and express terms, give to the first takers an estate for life only.

It is also a familiar principle that when an interest or estate has been given in clear terms in one clause of a will, such interest or estate cannot be taken away or cut down by a subsequent clause which is not equally clear and decisive of the testator's intention. *Myers v. Carney,* 171 Ind. 379, 384. We are of the opinion that the disputed provisions which appellees contend create a limitation over, are not as clear and decisive as the disposing words "to her or him, or her or his heirs forever." Having intentionally clothed the objects of his bounty with a complete and absolute title, the testator could not preserve that dominant purpose and at the same time subjoin incompatible provisions. *Stimson v. Rountree, supra.*

We are unable to agree with appellees' contention that the Indiana cases holding that when property is given absolutely with a gift over of *whatever may remain* by the first taker at his death, are distinguishable from the instant case, because of the express authority and power given in the instant case to the trustees, with the consent of the children, to decrease the *corpus* of the trust estate. A gift over in the instant case would necessarily be of "whatever may remain" by the first taker at his death.

Defrees v. Brydon, 198 Ill. App. 265.

We are of the opinion and therefore hold that the bequests and devises to the children of the testator were absolute and gave to them the entire estate without any limitations, and that upon the death of Catherine S. Brydon her property passed to her personal representative.

There is a further reason why the estate of Catherine S. Brydon should not revert to the surviving children of the testator, or their personal representatives. All of testator's surviving children, except Emmor, now deceased, and whose property was retained by the trustees, filed on October 23, 1872, a certain petition in the Court of Common Pleas of Marion county, Indiana, in which the said children, as the heirs and devisees of the testator, and the said trustees represented to the court that they had agreed upon a division of said property, real and personal, and that such division, as therein set forth, be taken and held as a full settlement, partition and adjustment of all the property, real and personal, mentioned or intended to be mentioned therein. Under this petition, by order of the court, each child received in cash and securities $18,150, as a full settlement and adjustment of such child's rights and interests in the trust estate. No fraud is claimed by appellees. Family settlements are favorably regarded by courts of equity, and will be upheld where no fraud is shown. *McAdams v. Bailey,* 169 Ind. 518.

The surviving children of the testator were parties to said proceeding by apt designation for all the purposes essential to determine their respective rights and interests (*Boyd v. Robinson,* 93 Tenn. 1, 28), as the "children, heirs, and devisees of John H. Bradley." We see no reason why this agreement should not have the force and effect its terms indicate, even if the parties thereto were possessed of future interests in said trust estate, which we do not hold. *Eissler v. Hoppel,* 158 Ind. 82, 85.

When it is considered that only one of the parties to the settlement is now living, that more than forty years have elapsed since such settlement was made, that no fraud or mistake is claimed to have entered into same, and that the surviving husband of Catherine S. Brydon, appellant here, denies in his answer that the property derived by his deceased wife through such settlement is the property of which she died possessed, a court of equity should not be inclined to hold that by such settlement all future rights, if any then existed, together with the then present interests of the parties, were not concluded and determined. We therefore hold that such settlement concludes the appellees in this proceeding.

For the reasons stated the decree is reversed, and the cause remanded with directions to dismiss (a) the bill, and amended and supplemental bill of complaint of Lydia E. Defrees, and (b) the respective cross-bills of complaint of John F. Devine, as administrator of the estate of Frances B. Hill, deceased, and of John B. Kitchen, as administrator of the estate of Mary Bradley Kitchen, deceased, appellees, for want of equity.

*Reversed and remanded with directions.*