IN THE MATTER OF THE ESTATE OF J. H. MEUWISSEN, DECEASED.

WILLIAM MEUWISSEN v. JOSEPHINE MEUWISSEN.[1]

May 14, 1920.

No. 21,685.

**Will — construction of devise.**
> A devise to the wife of "one-half of my farm situate in sec. 14 containing 152 acres and also for the full term of her natural life the house and lot situated in Cologne, Minn., but upon the death of my wife it shall be equally divided amongst all my children," gave the wife title in fee to the undivided one-half of that part of the farm owned by testator at his death.

The probate court for Carver county admitted to probate the last will and testament of J. H. Meuwissen, deceased. From the final decree of distribution thereunder, William Meuwissen appealed to the district court for the county. The appeal was heard by Tifft, J., who affirmed the order of the probate court. From an order denying his motion for a new trial, William Meuwissen appealed. Affirmed.

*John J. Fahey,* for appellant.
*Francis Meukel,* for respondent.

HOLT, J.

The appeal involves the construction of this clause in Henry Meuwissen's will: "To my beloved wife Josephine I bequeath the one-half of my farm situate in sec. 14 containing 152 acres and also for the full term of her natural life the house and lot situated in Cologne, Minn., but upon the death of my wife it shall be equally divided amongst all my children with the exception of my daughters Catherine and Lizzie who will not share in any other moneys then before bequeathed of my estate." The courts below construed the will to devise to the wife a

[1]Reported in 177 N. W. 668.

fee to the farm and a life estate to the house and lot. A son of the testator by his first wife appeals from the order denying a new trial, contending that the quoted clause should be construed to devise to the widow a life estate only in the farm.

The settled case consists merely of the will, the probate thereof, the decree of distribution in the probate court of the estates of Henry Meuwissen and his first wife, the order of the district court affirming the decree of distribution in Henry's estate, the motion for a new trial and the order denying it. However, these documents disclose that the testator and his first wife each owned an undivided half in this farm, that she died intestate, and that an undivided one-third of her estate was distributed to her husband and the balance in equal shares to their nine children. When Henry Meuwissen died, on October 22, 1903, he had been married to respondent for some time, for he left seven children by her. Besides the clause quoted the will contained bequests of a lumber-yard and business at Cologne to appellant and certain sums of money to four other children of his first wife. Two of the latter, Catherine and Lizzie, were not to share in the residuary estate. Besides the real estate mentioned in the will, Henry Meuwissen died seized of part of a lot in the village of Cologne, a tract of 16 acres in Carver county in section 10, directly north of the farm here involved, and a farm in Meeker county, Minnesota. It may also be inferred that the house and lot in the village of Cologne, devised to his wife for life, constituted the homestead at the time of the execution of his will October 21, 1903, for his business, the lumber-yard bequeathed to appellant, was in that village, and the witnesses to the will, presumably near neighbors, designate themselves as residents of Cologne.

The will bears evidence of the scrivener's disregard of the rules of grammar and punctuation. Nevertheless, it cannot be said that the language used in the provision quoted, either when considered by itself or in connection with other parts of the will, is ambiguous or obscure, so that recourse must be had to technical rules of construction in order to ascertain the intention of the testator in respect to the title the wife was to take in the farm. The provision above set out covers the entire devise of realty to her, and expresses quite aptly a devise of a fee title in the farm and a life estate in the house and lot. Had the words "for

the full term of her natural life" followed the words "the house and lot situated in Cologne, Minn.," there would have been force in appellant's contention that the farm was devised in like manner as the house and lot. The case would then have been similar to that of Noble v. Ayers, 61 Oh. St. 491, 56 N. E. 199, so much relied on by appellant. In the clause here involved we also find the word "it," which palpably refers to the house and lot as the only item to be equally divided between certain children upon the termination of the life estate. In the cited case two tracts of land were devised in one sentence. A semicolon followed by the words "and also" separated the descriptions of the two tracts, but after the description of the second tract were these words "for and during her natural life time only, and at her death I give and devise said land to her children." The court held that the devisee named took a life estate only in both tracts. The same was the situation in Rusk v. Zuck, 147 Ind. 388, 45 N. E. 691, 46 N. E. 674, wherein also other provisions of the will revealed the intention of the testator in respect to the provision in controversy.

It is said that in the will Henry Meuwissen evinces a design to divide his property equally between all his children, and this purpose fails if his wife takes a fee title to half of his interest in the farm, for when she dies her estate goes to her children alone. True enough, but there is nothing to indicate how testator and his first wife acquired this farm as tenants in common. The children of the first marriage inherited from their mother an undivided two-thirds of the undivided one-half of the farm and this interest they owned when the will was made, so that, taking the farm as a whole, there will be very little difference in the portions that will ultimately reach the testator's children, except as to the two excluded. Furthermore, the testator did in fact discriminate somewhat between the children. Appellant received a lumber-yard and business, and two others from the first marriage were given specific legacies in money in addition to an equal share in real property, except the one-half of testator's interest in the farm devised to his wife. If we are to indulge in speculation as to his intentions it is near at hand to say that, since the wife could claim the fee to the one-third of all the land he owned, save the house and lot constituting the homestead, the testator meant the devise in fee simple of an undivided half of his in-

terest in this farm should be in lieu of respondent's statutory right in the rest.

In our opinion the distribution was made according to the true intent of the will.

Order affirmed.