## TOBIN ET AL. v. TOBIN ET AL.

[No. 20,161. Filed January 12, 1904. Rehearing denied June 30, 1904.]

WILLS.—*Void for Repugnancy or Uncertainty.*—*Oral Evidence to Explain.*—Where a testator devised to G. T., a son, eighty acres of land, describing it, in fee simple, subject to a charge, "being the eighty acres on which I now live;" and to S. T., his widow, a life estate in one hundred and twenty acres, describing it (the description of eighty acres of the latter devise being the same as the description of the eighty in the former), "being the balance of my real estate," at the death of said widow such one hundred and twenty acres to descend to his other children or their legal representatives, such devise is not void, since the court may hear evidence of the situation, circumstances and surroundings of the testator when the will was made, and of the state and description of his property, in order to ascertain the testator's intent. *pp. 241, 242.*

SAME.—*Whether Covers Whole Estate.*—*Presumption.*—Where a person makes a will the presumption is that he intends to dispose of his whole estate unless it is rebutted by the terms of the will or other evidence. *p. 242.*

SAME.—*Repugnancy.*—*Evidence of Identification.*—Where uncertainty or repugnancy appears in a will, evidence is admissible to show the situation of the parties, their surroundings and circumstances, and to identify the property devised. *p. 243.*

SAME.—*Uncertainty.*—*Repugnancy.*—*When Held Void.*—Where, after the admission of all the evidence which the law permits, the court is unable from the face of the will and the consideration of such evidence to determine the testator's intention, such will must be held void for uncertainty. *p. 244.*

From Tipton Circuit Court; *J. F. Elliott*, Judge.

Action by John Tobin and another against Sabrina Tobin and others to have declared void the will of William Tobin, deceased, and the probate thereof set aside. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*W. R. Oglebay* and *F. S. Oglebay*, for appellants.

*M. T. Shiel, G. H. Gifford* and *G. J. Gifford,* for appellees.

Monks, J.—Appellants commenced this action by filing a verified complaint and bond asking to have the last will of William Tobin adjudged void, and the probate thereof set aside. A demurrer for want of facts was sustained to the complaint and, appellants failing to plead further, judgment was rendered in favor of appellees.

The will reads as follows: "In the name of the benevolent Father of all. I, William Tobin, of Tipton county, Indiana, being of sound and disposing mind and memory, and realizing the uncertainty of human life, do make, publish, and declare this to be my last will and testament. Item 1. I give and devise to my son George Tobin the east half of the southwest quarter of section thirty-three, township twenty-two, range five east, in Tipton county, State of Indiana, being the eighty acres on which I now live, subject to the following conditions, namely: That my said son George shall maintain and support in comfort my wife, Sabrina Tobin, in the home where she now resides, on said real estate, and at the death of my said wife said real estate shall vest in fee simple in my said son. Item 2. I give and bequeath to my wife, Sabrina Tobin, the use, rents, and profits during her natural lifetime of the following described real estate in Tipton county, State of Indiana, to wit: The east half of the southwest quarter and the northwest quarter of the southeast quarter all of section thirty-three, township twenty-two north, range five east, being the balance of my real estate. I also bequeath to my said wife all my personal property owned by me at my death. My said wife shall pay all my debts and shall pay all taxes and assessment against said 120 acres. Item 3. At the death of my said wife I give and devise said 120 acres described in item two of this will to my children and grandchildren as follows: To each of my children, Mary O'Malley, Bridget Parr, Emanuel Tobin,

Christopher Tobin, and William Tobin I give and devise the undivided one-seventh of said 120 acres in fee simple. To my two grandchildren Edmund Caldwell and Gertrude Caldwell, children of my daughter Marcella Caldwell, I give and devise the undivided one-seventh of said 120 acres. To the children of my son John Tobin I give and devise the undivided one-seventh of said 120 acres."

It is insisted by appellant that the provisions of said will are so uncertain and inconsistent that it is impossible to carry out and enforce the terms thereof, and that said will is void for that reason. It is a well-settled rule that the intention of a testator must in all cases govern the construction of a will unless in violation of some rule of law. To ascertain the testator's intention the court may hear evidence of the situation, circumstances, and surroundings of the testator when the will was made, and the state and description of his property. Although a will may, on the face thereof, appear to be uncertain, and to contain repugnancies, or inconsistent statements, yet if the court, by putting itself in the position of the testator, is able to understand and apply the language of the will and determine the intention of the testator, the same will be given effect with such uncertainties and repugnancies removed. *Pate* v. *Bushong* (1903), 161 Ind. 533, and cases cited. As was said in *Pate* v. *Bushong, supra:* "It is well established that however many errors there may be in a description, either of the devisee or the subject of the devise, it will not avoid the bequest if, after rejecting the errors or false words, enough remains to show with reasonable certainty what was intended when considered from the position of the testator."

When a person makes a will the presumption is that he intends to dispose of all of his property, unless it is rebutted by the terms of the will or other evidence to the contrary. *Pate* v. *Bushong, supra,* and cases cited. There is nothing in the will to rebut this presumption. It is

clear from the language of the will that the testator intended to dispose of 200 acres of land. . If we take only the specific description of the real estate without looking to the general description or seeking to ascertain the intention of the testator, he only devised 120 acres. The alleged uncertainty is caused by the description in the second item of the same eighty acres devised in the first item to George Tobin in fee simple. The second item declares that the land devised thereby is "the balance of my real estate," meaning that all of his real estate not devised in the first item to George Tobin in fee simple is devised by the second item to his wife for life. The land devised to George Tobin in the first item is described by the general description of "being the eighty acres upon which I now live" and "in the home in which she [my wife] now resides, on said real estate." It is evident from the will that the specific description of the eighty acres is erroneous in either the first or second item thereof.

If we omit the specific description of said eighty acres in said first and second items, the will reads: "Item 1. I give and devise to my son George Tobin the eighty acres on which I now live, subject to the following conditions. * * * Item 2. I give and bequeath to my. wife, Sabrina Tobin, during her natural lifetime the use, rents, and profits of the balance of my real estate. * * * Item 3. At the death of my wife I give and devise said 120 acres devised in item two of this will to my children and grandchildren, as follows," etc.

Evidence to identify the eighty acres of land on which the testator lived when the will was made and the "balance of his real estate" not devised by the first item of the will is clearly admissible. *Pate v. Bushong, supra.* Even if the intention of the testator can not be clearly determined from reading the will, on account of its uncertainty or repugnancies, evidence of the situation, surroundings, and circumstances of the testator when the will was made,

and the state and description of his property at that time, may enable a court to understand and apply the language of the will so as to carry out said intention. *Pate* v. *Bushong, supra,* and cases cited. When this can be done, the will can not be adjudged void for uncertainty or repugnancy. It is only where, after the admission of all evidence which the law allows to be admitted, the court is unable from the face of the will and the consideration of such evidence to determine the testator's intention, that it will adjudge that the will in whole or in part is void and unenforceable for uncertainty. Page, Wills, §§48, 822.

It is alleged in the complaint "that by reason of the patent ambiguity arising on the face of said pretended will, and the inconsistent provisions thereof, the said will is invalid and void by reason of uncertainty on the face thereof." It is clear, however, that the provisions of said will, read in the light of the presumptions stated, and without the aid of any extrinsic evidence, are, as we have shown, not so inconsistent and uncertain as to render the same void on its face, but that when so read, the testator gave to his son George the eighty acres of land on which the testator resided, and the balance of his real estate, being 120 acres, to his widow for life, and at her death he gave said 120 acres to the persons named in item three, in fee simple.

It follows that the court did not err in sustaining the demurrer to the complaint. Judgment affirmed.