KEPLINGER *v.* KEPLINGER ET AL.

[No. 23,019. Filed June 9, 1916.]

1. TRUSTS.—*Nature of Right.*—*Precatory Trusts.*—A trust is a property right held by one party for the use of another; and precatory trusts are so named because they are created by words of entreaty rather than of command, and whether a trust is created by precatory terms usually depends on the context of the particular will in controversy.  p. 85.

2. WILLS.—*Construction.*—*Precatory Words.*—*Estates Created.*—In considering a primary gift it is immaterial whether the words or terms employed by the will are precatory or imperative, and a devise of a simple remainder by the use of the word "desire" is as effective as by the use of the word "devise".  p. 85.

3. WILLS.—*Construction.*—*Intent of Testator.*—*Rules of Law.*—The intention of the testator, as ascertained from the will, must prevail where it does not conflict with the law.  p. 85.

4. WILLS.—*Construction.*—*Intent of Testator.*—In determining the intent of the testator every clause and word of the will must be considered and, if possible, given effect.  p. 86.

5. WILLS.—*Construction.*—*Ambiguous Terms.*—When the intent of the testator has once been ascertained, ambiguous terms in the will irreconcilable therewith may be disregarded.  p. 86.

6. WILLS.—*Construction.*—*Unlearned Scriveners.*—Where a will is written by one unlearned in the law such fact should be considered in ascertaining the intent of the testator.  p. 86.

7. WILLS.—*Construction.*—*Estates Created.*—*Common Law.*—The common-law rule that a general devise of realty, without any definition of the interest devised, gives a life estate remains in effect in this state, though modified somewhat by statute. p. 86.

8. WILLS.—*Construction.*—*Partial Intestacy.*—In construing a will partial intestacy will be avoided, if possible. p. 86.

9. WILLS.—*Construction.*—*Punctuation.*—Neither incorrect punctuation, nor the lack of any punctuation, will control the expressed intent of the testator, and, to clear up, but not to create, an ambiguity, the court may supply punctuation. p. 86.

10. WILLS.—*Construction.*—*Estates Created.*—*Life Estate.*—*Limitation by Subsequent Clause.*—Where the first item of the testator's will provided, "that after all my just debts * * * is paid, that the rest and residue of said estate both real and personal I hereby give and bequeath unto my wife, she to have full control for and during her natural life," which clause is followed by another wherein the testator "desires" that a specified disposition be made of the residue of the estate remaining at the death of the widow, such will devised to the widow a life estate only, with the remainder going to the designated beneficiaries, and the latter item of the will is not objectionable as reducing the estate devised by the first. p. 87.

From Wells Circuit Court; *William H. Eichhorn,* Judge.

Action by Glen Keplinger against John A. Keplinger and others. From a judgment for defendants, the plaintiff appeals. (Transferred from the Appellate Court under §1394, cl. 2, Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*Abram Simmons* and *Charles G. Dailey,* for appellant.

*Charles E. Sturgis* and *Robert W. Stine,* for appellees.

MORRIS, J.—Action by appellant, for partition of real estate, against appellees, devisees, legatees and executors under the will of Daniel S. Keplinger, deceased. Appellees John A. Keplinger and Lizzie Middaugh filed separate answers setting out said will and pleading the existence of certain facts when the will was executed. *Tobin* v. *Tobin* (1904),

163 Ind. 240, 69 N. E. 440; 1 Jarman, Wills 735, 736. There was a trial by the court, with facts specially found, and conclusions of law stated. The questions here presented depend on the correctness of the legal conclusions.

The special findings show that, in 1908, Daniel S. Keplinger owned the land in dispute. He had a wife, Mary A.; a son, John A., appellee; and a grandson, Glen, appellant, who was the only descendant of Frank Keplinger, deceased, a son of testator. Mary A., died in 1910, and Daniel died in 1913, leaving appellant and appellee John A. Keplinger as his only heirs, and leaving a personal estate worth more than $7,000 and more than sufficient to pay all debts and legacies mentioned in the will. The will was probated, and appellees John A. Keplinger and Lizzie Middaugh qualified as executors. So much of the will as purports to dispose of testator's property and to name executors is as follows:

> "First. It is my desire that after all my just debts including funeral expenses and doctor's bills is paid, that the rest and residue of said estate both real and personal I hereby give and bequeath unto my wife, Mary A. Keplinger, she to have the full control for and during her natural life.
>
> Second. At the date of the death of my wife, it is my desire that after a suitable monument is erected at my grave the same to cost not less than Five Hundred Dollars, the rest and residue of what is left shall be divided as follows, to-wit: To Glen Keplinger the sum of Five Hundred Dollars. To the endowment fund of Findlay College of Findlay, Ohio, Five Hundred Dollars. To the Mission fund of the General Eldership of the Church of God in the United States of America the sum of Five Hundred Dollars, with the understanding

that the same shall be kept loaned and the interest used only. To May Bickle, the sum of One Hundred Dollars. And after the above distributions are distributed it is my desire that the rest and residue of said estate be divided equally between John A. Keplinger and Lizzie Middaugh.

Third. I hereby appoint my wife, Mary A. Keplinger executrix of this will during her life and at her death, I hereby appoint said John A. Keplinger and Lizzie Middaugh to execute it according to the above bequests."

Appellant contends: (1) That the first item of the will devises to testator's wife the absolute fee-simple title, and that such title is not cut down by subsequent clauses; Mulvane v. Rude (1896), 146 Ind. 476, 45 N. E. 659; Langman v. Marbe (1900), 156 Ind. 330, 58 N. E. 191; (2) that the word "desire," appearing in the second item of the will in the clause, "and after the above distributions are distributed it is my desire that the rest and residue of said estate be divided equally between John A Keplinger and Lizzie Middaugh," must be given its ordinary meaning as expressing a mere precatory or advisory wish addressed to testator's wife, and not an imperative one, which would impress a precatory trust on the land devised to the wife by the first item; (3) that, no trust being impressed on the fee-simple estate devised to the wife, and the devise to her having lapsed (West v. West [1883], 89 Ind. 529), the title to the land passed by the statute of descents.

Appellees contend that no question of the creation of a precatory or other trust is involved; that the first item devises to the wife a life estate only, while the second devises the remainder, after payment of debts and legacies, to appellees John A. Keplinger and Lizzie Middaugh.

A trust may be defined as a property right held by one party for the use of another. Precatory trusts are so named because the words used in their creation ordinarily express the idea of entreaty rather than command. Bouvier, Law Dictionary; Perry, Trusts §112; Story, Eq. Jurisp. §1068 *et seq.* Whether a trust is created by the use of precatory terms is often a difficult problem, the solution of which usually depends on the context of the particular will in controversy. 40 Cyc 1734; note, *Post* v. *Moore,* 106 Am. St. 500; note, *Pembroke Academy* v. *Epson School District,* 37 L. R. A. (N. S.) 646.

The question of the character of the words or terms used, whether precatory or imperative, is not material in considering a primary gift. A devise of a simple remainder by the use of the word "desire" is as effective as one by the use of the technical word "devise". See *Taylor* v. *Stephens* (1905), 165 Ind. 200, 202, 74 N. E. 980. It is only where there is a primary gift to one, followed by an apparent attempt to impress, on the estate given, a use for the benefit of another that the character of the words used in such attempt, whether mandatory or advisory, becomes important. Consequently, if the first item, as appellees contend, devised a life estate only, leaving the remainder in fee for further disposition, it is unnecessary to consider the proper definition of "desire" as found in the second item, whether as signifying command or entreaty.

That the lawful intention of the testator, when ascertained, must be given effect by courts, is a proposition so elementary as to render the citation of authority unnecessary. Our statutory law gives the right, with limitations, to dispose of property by will, and a testator's pur-

pose, within the statutory limitations, cannot be denied effect without a violation of statutory right. In the search for the testator's intent every clause and word of the will must be considered and, if possible, be given effect. *Fenstermaker* v. *Holman* (1901), 158 Ind. 71, 74, 62 N. E. 699; *Porter* v. *Union Trust Co.* (1914), 182 Ind. 637, 642, 108 N. E. 117. However, after the intent has been ascertained, ambiguous terms not reconcilable therewith may be disregarded. 40 Cyc 1395. Where a will, as here, is written by one unlearned in the law, such fact should be considered in the search for the testator's intent. *Conover* v. *Cade* (1916), 184 Ind. 604, 112 N. E. 7.

The common-law rule that a general devise of realty, without, as here, any definition of the interest devised, gives a life estate only remains in effect in Indiana, though modified to some extent by statute. *Brookover* v. *Branyan* 1916), *ante* 1, 112 N. E. 769; *Fenstermaker* v. *Holman, supra.* A construction resulting in partial intestacy will be avoided, if possible. *Aldred* v. *Sylvester* (1916), 184 Ind. 542, 111 N. E. 914. Neither incorrect punctuation, nor the lack of any punctuation, will control the expressed intent of the testator; and, to clear up, but not create, an ambiguity, the court may supply punctuation. 40 Cyc 1403.

It is suggested by appellees that supplying a comma after the word "control", in the first item, would relieve the will of any ambiguity in relation to the estate devised thereby. Appellant claims that the first item, aside from the last clause, "she to have the full control for and during her natural life," devises to the wife an estate in fee simple which can not be cut down by that clause,

or by what follows in the second item; that the above quoted clause in the first item should be rejected as surplusage, and that the apparent attempt in the second item to impress a trust on the land in favor of appellees Keplinger and Middaugh fails because of the precatory character of the words used. It is true that the first item standing alone, with the last clause thereof disregarded, would properly be held as devising to the wife a fee simple. *Snodgrass* v. *Brandenburg* (1904), 164 Ind. 59, 71 N. E. 137, 72 N. E. 1030. But the first item does not stand alone, nor are we warranted in disregarding the last clause thereof. *Conover* v. *Cade, supra; Brookover* v. *Branyan, supra.* The first item, considered as a whole, is consistent, rather than inconsistent, with the theory of an intention to devise a life estate only. It is manifest from the provisions of the second item that it was the testator's intention that the monument should not be erected at his grave, nor the money bequests paid, until after the death of the wife, for, while he appoints her to execute his will, he further appoints his son and Lizzie Middaugh to complete the execution thereof, after her death, "according to the above bequests." Such appointment is not consistent with the theory of a fee-simple devise to the wife. We are of the opinion that the will devised to Mrs. Keplinger an estate for life only.

10. Appellant's theory involves, at the outset, in the search for the testator's intent, an utter disregard of important provisions of the will. Moreover, it would result in entire intestacy in passing title to property, and would leave the will wholly inoperative for any purpose excepting the designation of executors to administer his estate. The intent to devise the land to appellees Middaugh

and Keplinger, subject to the wife's life estate, is, in our opinion, clearly manifested. Judgment affirmed.

NOTE.—Reported in 113 N. E. 292. Precatory words in wills, construction, 106 Am. St. 507; 2 Ann. Cas. 593, 21 Ann. Cas. 321; Ann. Cas. 1915D 418; 40 Cyc 1734.