HARDY ET AL. *v.* SMITH ET AL.

[No. 9,898. Filed May 29, 1919. Rehearing denied October 10, 1919. Transfer denied December 19, 1919.]

1.  WILLS.—*Construction.—Intention of Testator.*—In construing the provisions of a will, the court must be guided by the intention of the testator. p. 691.

2.  WILLS.—*Construction.—All Words and Clauses Considered.*—In searching a will for the testator's intention, every word and clause must be considered, and, if possible, given effect. p. 691.

3.  WILLS.—*Construction.—Partial Intestacy.*—Unless compelled by the language used, a construction of a will resulting in partial intestacy will be avoided. p. 691.

4.  WILLS.—*Construction.—Remainders.—Contingent or Vested.*—A remainder will not be construed to be contingent, if it can be construed to be vested. p. 691.

5.  WILLS.—*Construction.—Vested Remainder.*—Under a will giving life estates in certain land to the husband and brother of testatrix, and, subject thereto, devising said land and all real estate owned at her death to a niece for life, or in case of her death prior to death of testatrix, or the death of the husband and brother, then at the niece's death, or the death of the husband and brother, the fee simple of all said real estate to vest abso-

lutely in two daughters of the niece, as tenants by entirety, the survivor to take the whole, and where the husband and brother died before the death of the testatrix, the daughters took a vested remainder in fee at the death of the testatrix. p. 691.

6. WILLS.—*Construction.*—*"Or"* *Construed* *"And."*—When from the wording of a will it is obviously necessary in order to carry out the intention of the testator, the word "or" will be construed as "and." p. 692.

From Carroll Circuit Court; *James P. Wason,* Judge.

Action by Wilson A. D. Hardy and others, against Miranda Smith and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*L. D. Boyd, Murat W. Hopkins* and *George W. Julien,* for appellants.

*William C. Smith, John H. Cartwright* and *Quincy A. Myers,* for appellees.

REMY, J.—Mary A. Lamb, by item 3 of her will, devised to her husband, William R. Lamb, and her brother, Alexander Hardy, each a life estate in certain lands therein described. Item 4 of said will is as follows:

"Item 4. Subject to the provisions of item three, in favor of my husband and my brother, Alexander, I devise the said real estate described in item three and all the real estate of which I may die the owner, to my niece Miranda Smith of Kokomo, Indiana, for and during the term of her natural life, or in case of her death prior to my death, or the death of my husband and brother, then at her death, or the death of my husband and brother, the fee simple of all of said real estate shall vest absolutely in Lily Smith and

Mary P. Smith, daughters of said Miranda Smith, as tenants by the entirety the survivor to take the whole.''

Appellants prosecuted this suit against appellees to quiet title to eight-tenths of the said real estate, and to construe said will. Appellees are the persons named as devisees in said item 4.

The complaint alleges that the said husband and brother died seven years prior to the death of testatrix; that appellants, among others, are the heirs at law of testatrix; that said testatrix died intestate as to the fee simple of the said lands, and that the fee simple of the undivided eight-tenths thereof is in appellants. Appellees' demurrer to the complaint for want of facts was sustained, and judgment was rendered for appellees upon the refusal of appellants to plead further. The action of the court in sustaining the demurrer is the only error assigned.

The controversy involves the construction of item 4 of said will. It is contended by appellants that the devise to appellees Lily Smith and Mary P. Smith was, by the terms of said item 4, contingent upon the death of devisee Miranda Smith prior to the death of the husband and brother of testatrix; and, inasmuch as this contingency did not happen, and cannot now happen, this conditional devise failed, and that testatrix died intestate as to said real estate. On the other hand, appellees take the position that item 4 of the will must be construed as devising the fee simple of said real estate to appellees Lily Smith and Mary P. Smith, their right of enjoyment being postponed until the termination of the life estates devised, and that as to said real estate testatrix died testate.

In construing the provisions of a will, we must be

guided by the testatrix' intention, and in search for such intention every word and clause of the will must be considered, and, if possible, given effect. *Fenstermaker* v. *Holman* (1902), 158 Ind. 71, 62 N. E. 699. A construction resulting in a partial intestacy will be avoided unless the language of the will is such as to compel such construction. *Keplinger* v. *Keplinger* (1916), 185 Ind. 81, 113 N. E. 292. It is also a rule of construction that a remainder will not be construed to be contingent, if it can be construed to be vested. *Linscott* v. *Trowbridge* (1916), 224 Mass. 108, 112 N. E. 956. See, also, *Aldred* v. *Sylvester* (1916), 184 Ind. 542, 111 N. E. 914.

A careful examination of the will, keeping in mind these rules of construction, leads to the conclusion that it was the intention of the testatrix to die testate as to all of her property, and that Lily Smith and Mary P. Smith should take the fee of the real estate subject only to the stipulated life estates. It is undisputed that item 3 gave to the husband of testatrix a life estate in said land in the event he outlived her; also a life estate in testatrix' brother during the years, if any, he outlived her husband. Item 4 provides: "Subject to the provisions of item three, I devise all the real estate of which I may die the owner, to Miranda Smith for and during her natural life"—thereby giving to Miranda Smith a life estate subject to the life estates mentioned in item 1. Then follows the clause upon which appellants base their contention, and which they claim amounts to a condition which has become impossible of performance, to wit, "or in case of her death prior to my death, or the death of my husband and broth-

er.'' What was testatrix' intention with reference to this clause? Plainly her purpose was merely to provide for the possibility of Miranda Smith dying before her life estate should vest, and to make it certain that Lily Smith and Mary P. Smith would take the fee in any event. In other words, testatrix did not want the vesting of the fee in remainder in Lily Smith and Mary P. Smith to be dependent upon the vesting of a life estate in their mother. This construction is borne out by the clause which follows, which clause provides: ''Then at her death (the death of Miranda Smith) or the death of my husband and brother, the fee simple of all said real estate shall vest absolutely in Lily Smith and Mary P. Smith,'' etc.

It is apparent from the context of the will that testatrix improperly used the word ''or'' instead of the word ''and.'' If we make the substitution, that part of the will would read: ''To my niece Miranda Smith of Kokomo, Indiana, for and during the term of her natural life, *and* in case of her death prior to my death or the death of my husband or brother, then at her death, or the death of my husband and brother, the fee simple of all of said real estate shall vest absolutely in Lily Smith and Mary P. Smith,'' etc., and there would be no uncertainty. The disjunctive ''or'' is not a technical word, and it is a well-known rule that, if from the wording of the will it is obviously necessary to carry out the intention of the testator, the word ''or'' will be construed as ''and.'' *Janney* v. *Sprigg* (1848), 7 Gill (Md.) 197, 48 Am. Dec. 557, cases cited and note; 6 Words and Phrases 5007.

We conclude that appellees Lily Smith and Mary

P. Smith took a vested remainder in fee in the real estate involved in this suit. The trial court correctly sustained appellee's demurrer to the complaint. Judgment affirmed.