<hr />

## Venis *v.* Talbert et al.

[No. 10,743.    Filed June 10, 1921.]

1. Deeds.—*Construction.*—*Estates Created.*—*Conveyance of Life Estate With Remainder.*—A warranty deed conveying real estate to V. during his life, "then to his wife," M., so long as she shall remain his widow, and in event of her remarrying then, to the children of V., did not at the time of its execution vest a fee in such children, but creates in them a remainder contingent upon the wife becoming the widow of V., and upon such widow's remarriage, so that a quitclaim deed executed by the children, before the happening of such events, to M. after V's. life estate had been conveyed to her through a third person, M. being still the wife of V., does not vest in her the fee. pp. 124, 126.

2. Wills.—*Construction.*—*Intention.*—*Transportation of Words and Phrases.*—*Deeds.*—*Construction.*—In the construction of wills, where it becomes necessary to effectuate the clear intention of the testator, as that intention is gathered from the whole instrument, courts may transpose words and phrases, and read the provisions in an order different from that in which they appear, and may insert and leave out provisions if necessary, but so liberal a rule is not permitted in the construction of deeds. p. 125.

3. Deeds.—*Wills.*—*Construction.*—The rule in construction of wills that where a testator devises real estate to a named beneficiary until remarriage, with limitation over to a third person, the devise will be construed to mean that the remainder is vested, and takes effect at the death or remarriage of first taker, has no application in the construction of deeds. p. 125.

From Clinton Circuit Court; *Willett H. Parr*, Special Judge.

Action by Mattie J. Venis against James Talbert and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*William Robison* and *Thomas M. Ryan*, for appellant. *O. E. Brumbaugh*, for appellees.

REMY, J.—On July 7, 1894, appellee Angeline Bond, being the owner in fee of the real estate in controversy, conveyed the same by warranty deed, in consideration of "one dollar and love and affection," to her son Miley N. Venis. The deed, otherwise in usual form, contained the following *habendum* clause: "To the said Miley N. Venis during the term of his natural life, then to his wife Mattie J. Venis so long as she shall remain his widow, and in the event of her remarrying then this property to revert to the children of the aforenamed Miley N. Venis." On August 11, 1898, Miley N. Venis and wife conveyed the real estate to one Samuel A. Venis, "for and during the natural life of Miley N. Venis," and on April 7, 1899, Samuel A. Venis, conveyed the same to appellant Mattie J. Venis. At the time of the conveyance by appellee Angeline Bond, Miley N. Venis and appellant Mattie J. Venis were living together as husband and wife, and at the time Miley N. Venis had two children, Loren L. Venis and Fern B. Curry, who are yet in life, and are the only living children of Miley N. Venis. On January 28, 1918, before the commencement of this suit, the said children conveyed to appellant by quitclaim deed "all their right, title and interest" in the real estate. Subsequently to the conveyance by Angeline Bond, Miley N. Venis and appellant Mattie J. Venis were divorced, since which divorce appellant has remained single, but

Miley N. Venis has remarried, his wife being appellee Elizabeth Venis.

Appellant instituted this suit to quiet in her the title to the real estate. The children of Miley N. Venis were not made parties. Appellees Angeline Bond and Miley N. Venis filed separate answers in denial. The remaining appellees defaulted. The court found for appellant, that she was the owner of an estate in the lands "for and during the natural life of Miley N. Venis;" and that appellee Angeline Bond was the owner of the remainder of the real estate in fee simple; and that appellant was entitled to have her interest in the real estate quieted. There was a decree accordingly.

The only error assigned is the action of this court in overruling appellant's motion for a new trial.

The one question for our determination on this appeal is whether or not the fee of the real estate in controversy is vested in appellant. That appellant is the owner of an estate in the lands for and during the life of Miley N. Venis is conceded by all parties to the suit, and such was the finding of the trial court. It is contended by appellant that she is not only the owner of the life estate, but that by virtue of the quitclaim deed from the children of Miley N. Venis she is also the owner of the fee. The correctness of this contention depends upon the character of the interest or right of said children which had been created by the deed of Angeline Bond. If by the deed the fee of the real estate was vested in them, it would have been carried to appellant by their quitclaim deed. On the other hand, if the deed of Angeline Bond created in the children a remainder contingent upon an event or events which might never happen, and which had not happened at the time of the execution and delivery of the quitclaim deed, then the fee was not vested in the

children, and could not have been carried to appellant by their quitclaim.

It is apparent that, if the deed of Angeline Bond be not given the most liberal construction, the remainder limited to the children was contingent, first, upon appellant becoming the widow of Miley N. Venis, and second, upon her remarriage, neither of which contingencies has happened or must happen. It is contended by appellant, however, that since the law favors the vesting of estates, the deed must be construed as if the words "death or" were inserted between the words "her" and "remarrying" in the *habendum* clause; and that when so construed the remainder in favor of the children must be held to have vested at the time of the execution of the deed. In support of this contention appellant cites the following cases: *Gibson* v. *Land* (1855), 27 Ala. 117; *Farmers Bank* v. *Hooff* (1833), 4 Cranch (C. C.) 323, Fed. Cas. No. 4,659; *Jordan* v. *Holkham* (1753), 1 Amb. 209; *Brown* v. *Cutter* (1803), 1 T. Raym. 428; *Fry's Case* (1726), 1 Vent. 199. The holding of the courts in these cases is, that where a testator devises real estate to a named beneficiary until the remarriage of such beneficiary, with a limitation over to a third person at the time of remarriage, the devise in such form will be treated as merely an inaccuracy of expression; and that to carry out the intention of the testator as shown by the will, the devise will be construed to mean that the remainder is vested, and takes effect either on the death or remarriage of the first taker. In the construction of wills, where it becomes necessary to effectuate the clear intention of the testator, as that intention is gathered from the whole will, courts "may," as was said by the New York Court of Appeals in *Tilden* v. *Green* (1891), 130 N. Y. 29, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. 487, "transpose words and phrases, and

read its provisions in an order different from that in which they appear in the instrument," and may "insert and leave out provisions if necessary." See also, *Grimes* v. *Harmon* (1871), 35 Ind. 198, 9 Am. Rep. 690; *Bruce* v. *Baker* (1873), Wilson's R. 462; *Hardy* v. *Smith* (1919), 71 Ind. App. 688, 123 N. E. 438. So liberal a rule is not permitted in the construction of deeds. *Evans* v. *Dunlap* (1905), 36 Ind. App. 198, 75 N. E. 297; *Shimer* v. *Mann* (1885), 99 Ind. 190, 50 Am. Rep. 82; *Ridgeway* v. *Lanphear* (1884), 99 Ind. 251; *Braden* v. *Cannon* (1854), 1 Grant Cas. (Pa.) 60; *Barnett* v. *Barnett* (1912), 117 Md. 265, 83 Atl. 160, Ann. Cas. 1913E 1284. As was said in *Braden* v. *Cannon, supra:* "The liberties which we are permitted and constrained to take with words of limitation in a will, in order to reach the general intention of the testator, are not tolerated in construing deeds." A reason sometimes given for this more liberal rule in the construction of wills is that a testator may not have had the same opportunity for legal advice in the drawing of his will as he would have had in executing a deed. *Ridgeway* v. *Lanphear, supra.*

We are, therefore, constrained to hold that the rule of construction urged by appellant, though sometimes applied in the construction of wills when it is necessary to carry out the manifest intention of the testator, has no application in the construction of deeds of conveyance.

It is clear that under the rules governing the construction of deeds, the deed in controversy created in the children of Miley N. Venis nothing more than a remainder contingent, first, upon appellant becoming the widow of Miley N. Venis, and, second, upon the remarriage of appellant as such widow; and since these events had not happened at the time the children executed to appellant their quitclaim deed, they had

not acquired the fee, and, therefore, could not, and did not, by their quitclaim convey it to appellant.

Under the issues, as presented, it is not necessary for this court to decide whether by the deed of July 7, 1894, Angeline Bond retained the fee, or conveyed it to the grantee Miley N. Venis, making the same determinable upon his death.

We conclude that the trial court correctly held that the fee of the real estate was not vested in appellant, and that her present estate consists in the life estate which had been conveyed to her.

Affirmed.