## STEPHENS ET AL. v. JODON.

[No. 11,474.   Filed May 9, 1923.]

WILLS.— Construction.—"Children or Descendants."— Where a will provided that the portion of testator's estate devised to a named daughter should not come into the hands of her husband, but should be held by trustees until her husband's death, and then delivered to her, or, if she was dead, then to her "children or descendants," held that such property, in the event that the daughter was not living to receive it, should go to her children, in the same manner as they would inherit from her under the statute of descent, and not to descendants, such as grandchildren, only in the event that there was no living child of such daughter to take, so that one living daughter could not take the whole of her mother's share to the exclusion of the children of two deceased children.

From St. Joseph Circuit Court; Walter A. Funk, Judge.

Action by Mildred May Jodon against Jennie Stephens and others.   From the judgment rendered, the named defendant and others appeal.   Affirmed.

Rich & Pyle, for appellants.

Thomas W. Slick, for appellees.

DAUSMAN, J.—This action was instituted by Mildred May Jodon against Jennie Stephens and six others, to partition real property and to quiet title.   It is averred in the complaint that the plaintiff and two of the defendants, viz., Eugene Hankins and Jennie Stephens, are the owners of the real estate as tenants in common, each being the owner of an undivided one-third thereof. By an appropriate pleading Jennie Stephens asserted that she is the owner of the entire tract and that the

other parties have no interest therein.   The court found that the averments of the complaint are true, and decreed partition accordingly.

The controversy arises out of the will of one Jonathan Smith, deceased.   The testator departed this life about thirty-five years ago.   At the time of the execution of his will he had seven children living, three sons and four daughters.   Prior to that time two children had died, each deceased child leaving surviving children.   By the terms of his will he provided that all of his children who were then living and the children of his deceased children, should participate in his estate.   He excluded none of them.   It appears from the will that at the time of its execution his daughter Louisa was the wife of one James Ray and that his daughter Mary Ann was the wife of one Solomon Scott (her second husband) ; and that for some reason the testator was determined that these two sons-in-law should derive no benefit from his estate.   Accordingly by item 3 of his will he put in the hands of a trustee the portion of his estate which he intended for his daughter Louisa and directed that at the death of her husband the trustee should turn the property over to her, if she be then living, and, if she be dead, then to her *"children or descendants;"* and that, if his daughter Louisa should die before her husband and leave no children surviving, the trustee should then turn the property over to the persons entitled to the residuum of his estate under the sixth item of the will. Item 3 closes with the following significant statements:

"It is the intention of this and the succeeding item that my *daughters and their descendants* shall enjoy such real estate, and that in case of her death leaving no *descendants,* it shall go back into my family as above provided, and in no event to their husbands."

By item 4 the testator put in the hands of a trustee that portion of his estate which he provided for his

daughter Mary Ann, and directed that the trustee, upon the death of her husband, should turn the trust property over to her if she be then living, and if she be dead then to her *"children or descendants."* This item further provides that if "Mary Ann Scott and her *children and descendants"* should die during the lifetime of Solomon Scott, in that event the trustee shall turn the trust estate over to the persons entitled to the residuum of his estate under the sixth item of the will. Item 4 closes with another significant statement:

"Provided, that James Ray and Solomon Scott shall in no event take any part of my estate under any item hereof, by virtue of any provisions made for the wife of either, or her *children or descendants."* (All italics are ours.)

Mary Ann Scott departed this life intestate, and left surviving her as her sole descendants her daughter Jennie Stephens, her grandchild Eugene Hankins who is the son of a deceased son, and her grandchild Mildred May Jodon who is the daughter of a deceased daughter.

Jennie Stephens rests her contention that she is the sole owner of the land on the proposition that by the words "children or descendants," in the fourth item of the will, the testator designated two separate and distinct classes, and that his intention, as expressed by the will, is that the second class shall not participate unless the first class shall have become extinct. An examination of the entire will fails to disclose any basis for the contention. It is not likely that the testator had any thought of classes or that he had any reason to disinherit any of the descendants of his daughter. It is more natural to say that, having used the word "children," it immediately occurred to him that it would be better to use a more comprehensive word for the very reason that he did not want to exclude the children of any deceased child of his daughter, and for that very reason he added

the words "or descendants." The word "or" is sometimes used disjunctively and sometimes conjunctively. Webster's Dictionary; Century Dictionary. We are impressed that the testator joined the two words together in the sense that would express his intention that at the death of his daughter and her husband the land should go to her children and to the children of such children as may then be dead, in the same manner as they would inherit from her under the statute of descents. *Hardy* v. *Smith* (1919), 71 Ind. App. 688, 123 N. E. 438.

Judgment affirmed.