## No. 11,339.

### KAVANAGH *v.* JAMISON, ET AL.

Decided March 1, 1926. Rehearing denied March 29, 1926.

Will contest. Judgment for proponents.

*Affirmed.*

*On Application for Supersedeas.*

1. WILLS—*Execution—Presumption.* Ordinarily where a will has been legally executed and witnessed, the testator's signature is taken as proof thereof, and it will be presumed that he was aware of its contents.

2. *Contest—Burden.* Where a will has been executed and witnessed under such circumstances that it is presumed the testator knew its contents, the onus of proving the contrary is upon him who alleges it.

*Error to the District Court of Elbert County, Hon. Wilbur M. Alter, Judge.*

Messrs. YEAMAN, GOVE & HUFFMAN, Mr. ROBERT R. PIERCE, for plaintiff in error.

Mr. RALPH E. FINNICUM, for defendants in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

AN instrument purporting to be the last will and testament of Mike Kavanagh, deceased, was presented to the county court of Elbert county for probate. A caveat was filed by Thomas Kavanagh, a brother of deceased, objecting to its probate. After a trial to a jury, the court admitted the will to probate and record. An appeal was taken by the contestant to the district court. The case came on for trial in that court before a jury. After the evidence was introduced, both parties moved for a directed verdict, and thereupon the court discharged the jury and entered judgment for the proponents. The contestant brings the case here for review, with the request that we finally determine the matters in controversy on this application for a supersedeas.

In January, 1923, Mike Kavanagh executed his last will and testament, in conformity with section 5187, C. L. 1921. He signed the will in the Elizabeth State Bank of Elizabeth, where he kept his deposits, notes and securities, in the presence of the two subscribing witnesses, who were old acquaintances whom he had especially invited to meet him at that place on that morning for that purpose. By its provisions, after directing the payment of his debts, he bequeathed all of his estate to his wife, his sister, two nieces and his brother Thomas. He gave one-half of his estate to his wife; $2,000 to his sister, Mary Doyle; to Ella Roe and Mary Chase, his nieces, daughters of Mary Doyle, $2,000 each; to his

brother, Thomas Kavanagh, caveator, $5,000; and the residue, if any, to be divided equally between Mary Doyle, Ella Roe and Mary Chase.

All of the testimony in the case is to the effect that the testator was of sound mind and memory, of strong and rugged will power, and in possession of all of his natural faculties.

The plaintiff in error claims that the testator was illiterate and could not read, and that the burden was on the proponents, in establishing a prima facie case, to show that the will was read to him at the time of or prior to its execution. The law is that, "Ordinarily, where the will has been executed under the formalities prescribed by law, and proof thereof has been made by the subscribing witnesses, the testator's bare signature to the will is taken as proof thereof, and it will be presumed that the will had been read by or to him, and that he was aware of its contents." *Snodgrass v. Smith,* 42 Colo. 60, 94 Pac. 312, 15 Ann. Cas. 548.

It is conceded that the testator could sign his name. There is some evidence that he could read good, plain, ordinary writing. There is evidence in the record to the contrary. It appears from the testimony of a subscribing witness that the will was prepared about a month before the date of its execution, and that its provisions were unsatisfactory to the testator; that he sent it back for alteration and correction, and that when it was returned, after correction, the testator informed one of the subscribing witnesses that the will was back, and requested the witness a second time to meet him at the bank and sign the will, as a subscribing witness. From the fact that the will was prepared and sent back by the testator for alteration and correction, to make it conform to his wishes, and "that he signed it in the presence of the attesting witnesses who were present at his request for that purpose, in the absence of any showing to the contrary, it will be presumed that he had read it, or that its contents had, in some way, been made known

to him. 'The onus of proving the contrary is thrown upon him who alleges it.'" *In re Shapter's Estate,* 35 Colo. 578, 85 Pac. 688, 6 L. R. A. (N. S.) 575, 117 Am. St. Rep. 216.

We find no error in the court's rulings in receiving or excluding evidence.

Finding no reversible error in the record, supersedeas is denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE DENISON concur.