## No. 11,762.

### Estate of Kavanagh.
### Roe *v.* Kavanagh.

Decided March 7, 1927.

Will contest. Judgment for contestor.

### *Reversed.*

### *On Application for Supersedeas.*

1. WILLS—*Residuary Clause.* No particular form of expression is necessary to constitute a residuary clause of a will.

2.     *Construction.* In construing wills, the cardinal and fundamental rule is to ascertain the intent of the testator.

3.     *Construction—Presumption.* The presumption is, that a testator executes a will to prevent distribution of his estate under the statute.

4.     *Construction—Presumption.* The presumption is, that a person making a will intends to dispose of all of his property thereunder.

5.     *Residuary Clause—Effect.* A general residuary clause contained in a will carries with it any legacies which for any reason have lapsed.

6.     *Construction—Presumption.* A partial intestacy is never presumed unless the language of the will compels such a construction.

*Error to the District Court of Elbert County, Hon. Wilbur M. Alter, Judge.*

Mr. Joseph P. O'Connell, Mr. Ira C. Rothgerber, Mr. Walter M. Appel, for plaintiff in error.

Messrs. Yeaman, Gove & Huffman, Mr. R. R. Pierce, Mr. John H. Reddin, for defendants in error.

*Department One.*

Mr. Justice Whitford delivered the opinion of the court.

The question for solution is the construction of a will. The will of Mike Kavanagh provides:

"After all my just debts are paid and discharged, I give, devise and bequeath to my wife, Mary Kavanagh, one-half of all my property, both real and personal, of every kind and description, but whereas I have recently given to my wife the sum of Ten Thousand Dollars ($10,000.00), this said sum of $10,000.00 (Ten Thousand Dollars) must first be deducted from her half of my estate at my death, so that she shall receive one-half of my estate, less the sum of Ten Thousand Dollars.

"I give to my sister, Mary Doyle, Two Thousand ($2,000.00) Dollars, to Ella Roe and Mary Chase, my nieces, the daughters of my sister, Mary Doyle, the sum of Two Thousand ($2,000.00) Dollars each, and to my brother, Thomas Kavanagh, the sum of Five Thousand Dollars ($5,000.00), if that much remains after paying the sums hereinbefore devised and bequeathed, if he is living at my death; if he should die before I do, then the share he would have taken if living is to be equally divided among Mary Doyle, Mary Chase and Ella Roe; and any balance left over after all the above sums have been paid, is to be equally divided among said Mary Doyle, Mary Chase and Ella Roe."

Mary Kavanagh predeceased the testator. Plaintiff in error contends that by the death of Mary Kavanagh, the devise and bequest to her lapsed and passed to the residuary estate. On the other hand, defendant in error contends that the lapsed devise and bequest is intestate property and should be distributed to the heirs at law of the testator under the statute relating to intestate estates.

Judgment was in favor of the defendant in error, and plaintiff in error comes here to review that judgment.

This will was before us in *Kavanagh v. Jamison*, 79 Colo. 115, 244 Pac. 476. It seems clear to us, after a careful reading of the will, that the intention of the testator was to make his sister, Mary Doyle, and her two

daughters, Ella Roe and Mary Chase, the residuary legatees. No particular form of expression is necessary to constitute a residuary clause. In *Hignett v. Sherman*, 75 Colo. 64, 72, 224 Pac. 411, quoting from *Platt v. Brannan*, 34 Colo. 125, 81 Pac. 755, 114 Am. St. Rep. 147, the court said: "In construing wills the cardinal and fundamental rule is to ascertain the intent of the testator."

The presumption is that the testator wrote the will to prevent the distribution of his estate in the manner provided by the statute in cases of intestacy. "When a person makes a will, the presumption is that he intends to dispose of all of his property, unless it is rebutted by the terms of the will or other evidence to the contrary." *Tobin v. Tobin*, 163 Ind. 240, 242, 69 N. E. 440. There is nothing in this will to rebut this presumption. It is a well established rule that a general residuary clause contained in a will carries with it any legacies which for any reason have lapsed. *Hickey v. Costello*, 80 Colo. 461, 251 Pac. 595. One authority announces the rule to be that "a general residuary devise carries every real interest, whether known or unknown, immediate or remote, unless it is manifestly excluded. The intention to include is presumed, and an intention to exclude, must appear from other parts of the will, or the residuary devisee will take." *Floyd v. Carow*, 88 N. Y. 568. A partial intestacy is never presumed unless the language compels such construction. The language here used does not compel that construction. *Barker v. Petersburg*, 41 Ind. App. 450, 82 N. E. 996.

With these expressions of our views, a supersedeas must be denied and the judgment reversed and remanded.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE DENISON and MR. JUSTICE SHEAFOR concur.