LUKEN ET AL. *v.* ECKHOFF ET AL.

[No. 12,991.   Filed March 28, 1928.]

*Walker & Johnson* and *John W. Gerdink*, for appellants.

*C. A. Royce, H. J. Baker* and *Ben Blumberg*, for appellees.

McMAHAN, J.—Appellants, children of Heika Dena Luken, and grandchildren of Reinder Zimmerman, claiming to be the owners of an undivided seven-twenty-fourths interest in certain real estate, brought this action in partition.   The court found and decreed

that the title to the whole of the real estate was in appellee Louis Bergheim, and that appellants had no title to any part thereof.

Reinder Zimmerman died, testate, in 1902, the owner of the property in question. By Item 2 of his will, he gave his wife, Fredericka Zimmerman, a life estate in the property, and provided that she should pay all taxes thereon, keep the buildings in good repair, keep them insured, and in case of loss by fire, the insurance money to be used to replace the buildings, and, quoting from the will: "At her death the said premises . . . shall vest in and become the absolute property, forever of my three daughters, Maria Schmidt, Heika Dena Luken and Elizabeth Eckhoff, as tenants in common. If they or either of them shall die before my said wife, then the share of such as shall have died shall go to her children as tenants in common. Upon the failure or refusal, on the part of my said wife to keep the taxes paid and the buildings insured, and to do all and singular things hereinabove provided that she shall do, after reasonable notice and demand given and made by the above named residuary legatees, then said residuary legatees may pay the same and may declare a forfeiture of said life estate therefor and take said property as fully as they might, and would do upon the death of my said wife."

We are not advised as to when this will was executed, but it was evidently prior to April 18, 1899, as, on that date, he added a codicil, changing Item 2 of the will so as to give a granddaughter, Mabel Zimmerman, a one-eighth part of the real estate mentioned in Item 2. After making this change, the testator states and expresses his intention as follows: "It being my intention hereby and by this change in my said will that my said three daughters, Maria Schmidt, Heika Dena Luken and Elizabeth Eckhoff, shall take seven-eighths of the property described in said Item Second, in lieu of the

whole as tenants in common; and my said granddaughter, Mabel Zimmerman, shall take the remaining one-eighth part thereof; with all rights and privileges, and subject to all the limitations, conditions and stipulations in said Item Second contained. With this change, I again, in all things, ratify and confirm my said will."

Fredericka Zimmerman died in 1925. In 1911 Heika Dena Luken, then a widow, by quit-claim deed, conveyed her interest in the real estate in question to Peter Keck. Appellee Bergheim is now the owner of the fee-simple title of the whole of the real estate in question, subject to the claim of appellants.

Appellants contend that, under the will of Reinder Zimmerman, their mother, Mrs. Luken, took a contingent remainder in an undivided part of the real estate, such interest to vest in her only on condition she survived the life tenant, and that, on the death of the life tenant in 1925, Mrs. Luken being then dead, they being her children, became the owners in fee of the interest their mother would have taken under the will if she had survived the life tenant. Opposing this contention, appellee Bergheim says that Mrs. Luken, upon the death of her father, took a vested remainder in the property subject to the life estate of her mother.

If Mrs. Luken took only a contingent interest in the real estate, this cause must be reversed. If she took a vested interest, the decision of the trial court was right and must be affirmed.

Wills similar to the one now under consideration have been before the Supreme Court and this court for construction so often, and the rules governing their construction have been so clearly stated that it seems unnecessary to make an extensive review of the authorities.

The testator in the instant case first made provision for his wife by giving her a life estate, after which, he

provided that, after her death, the premises should "vest in and become the absolute property, forever," of the three daughters. What stronger words could the testator have used to indicate an intention that the title in fee should vest in the three daughters immediately upon his death, only the right of enjoyment being postponed until the death of his wife, when in the positive words of the will, the property was to become the "absolute property, forever," of the three daughters. The remainder thus vested in the daughters will not be cut down and reduced to a contingent remainder if it can be construed to be vested. *Hardy* v. *Smith* (1919), 71 Ind. App. 688, 691, 123 N. E. 438.

And, in no event, will an estate which has been devised in one clause of a will in clear and decisive terms be taken away or cut down by subsequent provisions of the will, unless the intention to do so is manifested by words as clear and definite as those which created the vested estate. *Boren* v. *Reeves* (1919), 73 Ind. App. 604, 123 N. E. 359.

Quoting from *Aldred* v. *Sylvester* (1916), 184 Ind. 542, 548, 111 N. E. 914: "The law so favors the vesting of estates at the earliest opportunity and is so averse to a postponement thereof that they will be deemed as vesting at the earliest possible period, in the absence of a *clear manifestation* of the contrary intention; words of postponement are presumed to relate to the beginning of the enjoyment of the estate, rather than to the vesting; words of survivorship are presumed to relate to the death of the testator, rather than that of the first taker, if they are fairly capable of such interpretation."

In the instant case, it would seem that the testator, after making provision for his wife and daughters, realized that one or more of the daughters might die during his lifetime and prior to the taking effect of his will, and, being uncertain or in doubt as to the effect of

such a death, added the clause under which appellants claim title.

Immediately following this clause, provision is made for the forfeiture of the life estate, after notice and demand by "the above named residuary legatees," and when the forfeiture takes place "the said residuary legatees" take the property as they "would do upon the death" of the life tenant. It is to be observed that there is no residuary bequest or devise in this will, nor are there any "residuary legatees" named in the will. The only persons theretofore named were the life tenant and the three daughters, and we are of the opinion that the testator, by the use of the words "above named residuary legatees," referred to the three daughters to whom he had in a prior clause given the property absolutely and forever, after the death of the life tenant.

If it was the intention of the testator to change the vested remainder first given to the three daughters to contingent remainders, he failed to use language sufficient to clearly indicate that intention and to overcome the positive declaration that, upon the death of the life tenant, the premises should "vest in and become the absolute pioperty, forever," of the three named daughters, subject only to the change made by the codicil as hereinbefore set out.

Judgment affirmed.

Dausman, J., absent.