## No. 16,586.

ESTATE OF BOYLE.
FEENEY *v.* MAHONEY, EXECUTOR ET AL.
(231 P. [2d] 465)

Decided April 16, 1951.   Rehearing denied May 14, 1951.

Mr. C. CLYDE BARKER, for plaintiff in error, John Feeney.

Mr. THOMAS M. TIERNEY, for defendants in error, Mike O'Boyle and John O'Boyle.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

We are here called upon to construe our former opinion in this case, which is reported in 121 Colo. 599, 221 P. (2d) 357.

By paragraph Second of his will, testator bequeathed $6000 to his sister Bridget, for herself, her heirs, personal representatives and assigns, and also bequeathed to her the sum of $2500 insurance of The Capitol Life Insurance Company of Denver; by paragraphs Third and Fourth he bequeathed $4000 to each of his two brothers, Mike and John, and by paragraph Fifth he bequeathed all the rest, remainder and residue of his property to the same legatees, Bridget, Mike and John, share and share alike and in equal portions, for themselves, their heirs, personal representatives and assigns, forever.

Bridget having died. before the testator's death, the trial court held that the legacy to her lapsed and "that the rule which provides that a lapsed legacy passes into the residue should apply in this case."

We held in our former decision, "That the judgment holding that the specific legacy of Bridget Feeney lapsed and went into the residuum is affirmed." By "the specific legacy" was intended the legacy (or legacies) provided for in paragraph Second of the will. If that legacy "went into the residuum," it must have become part of the residuary estate and must pass with it under the general residuary clause, rather than as intestate property. This rule was followed by us in *Roe v. Kavanagh*, 81 Colo. 152, 254 Pac. 161, and follows, we think, the weight of authority. "It is well established, both at common law and under modern statutes, that the subject matter of lapsed or ineffectual legacies of personal property will, in the absence of a contrary testatorial intention, pass under a general residuary clause, where the will contains one, and does not descend as intestate property to the testator's next of kin." 57 Am. Jur. 971, §1447.

It also seems to be the common rule that, "under a residuary gift to several persons nominatim, or in com-

mon, and not as a class, a lapsed portion of the residuary devise or legacy does not, in the absence of statute, inure to the benefit of the other residuary devisees or legatees, unless the intention of the testator to that effect clearly appears; instead, such lapsed portion of the residuary estate is removed from the operation of the residuary clause and becomes intestate estate, passing to the heirs or distributees." 57 Am. Jur. 977, §1453; see, also, Anno. 28 A.L.R. 1237, and 139 A.L.R. 868.

In harmony with that rule, we further held in our former opinion that "the lapsed residuary legacy is, and becomes, a part of the testator's intestate estate to be distributed under our statute of descent and distribution." Bridget's "lapsed residuary legacy," which thus became intestate estate, was one-third of the residuum. Since, as we specifically held, her legacy under paragraph Second "lapsed and went into the residuum," it necessarily became part of the residuum, and must be included with the other residuum in computing the amount of her lapsed residuary legacy. It was so ordered by the trial court.

Accordingly, the order and judgment of distribution of the county court, distributing one-third of the augmented residuum to each of the surviving legatees and treating the remaining one-third as intestate estate, is affirmed.

MR. JUSTICE ALTER, MR. JUSTICE HOLLAND and MR. JUSTICE HILLIARD dissent.