Opinion by
Mr. Chief Justice Day.
Arthur Kumpf died testate, and in due course his will was admitted to probate. His only heir at law was his sister, Alice Kumpf, for whom he provided a monthly income of $400.00. Aside from this legacy testator be *454 queathed $2000.00 to a scholarship fund named in honor of his deceased wife. All the rest and residue of the estate was given in equal shares to Mary Sabin, of Hollywood, California, Laura Perelewitz, of Los Angeles, California, Margaret Carter, of Salt Lake City, Utah, Grace Hodge, of Washington, D. C., George Denton of Garfield, Utah, Dorothy Falland, of Salt Lake City, Utah, and Margaret O’Neil, of Los Angeles, California. W. D. Wright (who drew the will) was named as executor, qualified as such and later filed a petition to have the will construed, reciting that at the time of the execution of the will there was a George Denton who lived in the state of Utah, who predeceased testator, leaving a son named George Denton, Jr., who lives in Utah. The executor requested instructions from the trial court “concerning the disposition of the residual portion of the estate provided to be bequeathed to George Denton, of Garfield, Utah.”
Before the hearing on the executor’s petition, W. D. Wright passed away, and H. Harold Calkins was named as administrator d.b.n. On October 5, 1961, a hearing was had on the executor’s petition to construe the will, evidence was introduced in an attempt to show that testator intended George Denton, Jr., as one of the residuary legatees. The trial court determined that testator intended George Denton, testator’s brother-in-law, as one of the residuary legatees, and not George Denton, Jr. The court then decreed that because said George Denton predeceased testator, his share of the residuary estate lapsed and “became intestate property and shall be probated as such.”
The younger Denton by his counsel filed a motion for new trial setting forth that the judgment is “contrary to the evidence and that there was sufficient and competent evidence submitted to rebut the presumption that when names appearing in a will apply to both father and son, that the father was the one intended by the testator,” and “That the judgment of the Court is *455 contrary to the evidence in that there was adduced abundant and competent evidence to conclusively show that Arthur Kumpf intended George Denton, the younger, to share in his estate as residuary legatee.” This motion was denied, and the case is now before us on writ of error.
A careful consideration of the evidence adduced at the hearing before the trial court was correct in determining that George Denton, brother-in-law of testator, was intended by Arthur Kumpf to be one of the residuary legatees. Under the well known and often repeated rule, the findings of fact by the trial court, when based on competent evidence, are conclusive on this court. The trial judge saw and heard the witnesses and evaluated the evidence presented and his findings will not be disturbed.
It being determined that the legacy to George Denton having lapsed, the next inquiry presented is whether his share of the residuary estate goes to those others named as residuary legatees, or must be administered as intestate property. While it is true that in the first paragraph of the will testator recites, “I wish to make at least temporary provisions to avoid leaving an intestate estate” we cannot overlook the decided cases in Colorado regarding the disposition of a lapsed legacy to one of several residuary legatees. Feeney v. Mahoney, 121 Colo. 599, 221 P. (2d) 357; Feeney v. Mahoney, 123 Colo. 448, 231 P. (2d) 465, are conclusive as to the issue here presented. In the second Feeney case Mr. Justice Stone clearly announced the rule in this state when he said:
“It also seems to be the common rule that, ‘under a residuary gift to several persons nominatim, or in common, and not as a class, a lapsed portion of the residuary devise or legacy does not, in the absence of statute, inure to the benefit of the other residuary devisees or legatees, unless the intention of the testator to that effect clearly appears; instead, such lapsed portion of the re *456 siduary estate is removed from the operation of the residuary clause and becomes intestate estate, passing to the heirs or distributees.’ 57 Am. Jur. 977, §1453; see, also, Anno. 28 A.L.R. 1237, and 139 A.L.R. 868.”
It is our view that the use of the term “at least temporary” by this testator is not sufficient to take the bequest out from under the rule announced in Feeney, supra. If the testator had wished to provide for the contingency and disposition of a lapsed legacy he could have done so clearly and easily by a few additional words.
The law being clear in Colorado, the judgment of the trial court must be and is affirmed.
Mr. Justice Sutton and Mr. Justice Hall concur.